Parsons, C. J.
The- gist of the offence is the conspiracy to cheat Putnam, of his shoes, and the defendants might lawfully have been convicted, if the jury were satisfied, on legal evidence, that they were guilty of the confederacy charged, although no act done in pursuance of it had been proved. (1)
But Warren’s intent to defraud Putnam is not denied, and the question is, whether the jury could lawfully infer that Johnson was an associate and confederate in the same fraudulent design. — He went with Warren; he was with him in the shop- when he received the shoes, and when he gave the fictitious securities. If Johnson gave no evidence to explain his connection with- Warren, whence the jury might infer that it was innocent, they might infer that- he was privy to Warren’s want of credit, and that he had obtained the shoes fraudulently. — If the evidence had rested here, the jury *63 might have pressed it too far ; but when it was proved that he received a hundred pair of shoes, and sold them under a fictitious name, the jury might well infer that, as he had his share in the plunder, he was an associate in the villany by which it was obtained.— We cannot therefore say, that the verdict as to Johnson is against evidence; but the presumption against him is so strong, that the jury were well warranted to infer his guilt in the conspiracy charged.

Judgment must be entered on the verdict.

 Commonwealth vs. Judd & Al., 2 Mass. Rep. 329.