Nash, C. J.
 

 Whether the facts charged in this indictment amount to an indictable offence or not, we do not feel called on to decide, as there is another point upon which we think his Hon- or below erred. The acts which are charged in the indictment, as constituting the offence, took place more than two years before the. prosecution was commenced. By the Act of 1836, (Rev. Stat. ch. 35, sec. 8,) it is provided that
 
 “
 
 in all tresspasses and other misdemeanors, except tire offences of perjury, forgery, malicious mischief and
 
 deceit,
 
 the prosecution shall commence within two years after the commission,” &c., “and not after” &c. It is our opinion that no one of the exceptions extends to this case. On behalf of the State, it is argued that the facts stated amount to deceit. The indictment is for a. conspiracy to commit a fraud upon the prosecutor, or it may be said, to cheat or deceive him. This is a distinct offence from that of cheating or deceiving him. One person alone may he indicted for an indictable offence of this
 
 *48
 
 character. To constitute a conspiracy, two or more persons must combine. A husband and wife cannot be indicted for the latter offence, because in law, they are but one person. So an indictment for cheating must set forth the means by which it was effected, and the injury sustained by tire prosecutor; and the proof must correspond with the allegation ; Arch. Crim. Practice 247. In an indictment for a conspiracy, the unlawful confederation is the gist of the offence; and it is not necessary to allege, or show in evidence, that any injury has been sustained. In the
 
 Commonwealth
 
 v.
 
 Warren
 
 &
 
 others,
 
 6 Mass. Rep. 74, which was an indictment, for a conspiracy to cheat, it is decided by the Court, that the conspiracy is the gist of the offence; and in the case of the
 
 Commonwealth
 
 v.
 
 Davis,
 
 9 Mass. Rep. 415, the Court say, “ upon an indictment for a conspiracy to cheat, the gist of the offence is the conspiracy, and the cheating is but aggravation.” One person, therefore, may be indicted for cheating, under circumstances which malee it a criminal offence; and when it is committed by more than one, they may be indicted for a conspiracy.
 

 The word “deceit” is used in the act we are considering, and we presume it is used, as being the same as cheating by false tokens. Neither Mr. Archbold nor Mr. Russell has any such head as “deceiving ”; and all the precedents in the former upon the subject, are for cheating. The charge in this indictment is for a conspiracy, and not for cheating the prosecutor, and does not come within the exceptions. It was necessary then that the indictment or prosecution should have commenced within two years next before the indictment was found or presentment made, unless the offenders come within one or the other of the provisos to the act. It is contended that it does come within tbe last; that is, that the offence was committed in a secret manner, and that the indictment was found in two years after it was discovered. There is nothing ip the case to show that the offence was committed in a secret manner. On the contrary, it states expressly that a witness was called to witness the transaction between the parties; and as it was observed by the Court in the case of
 
 the State
 
 v.
 
 Watts
 
 10 Ire. 374, “there is not a circumstance of concealment, by the offender, more than there is of secrecy in the offcncei”
 

 
 *49
 
 As the crime of conspiracy is not embraced in the exceptions contained in the Act of 1836, and it is not shown that the defendants were within any of the exceptions, and that the indictment was found after more than two years from the commission of the offence, the time limited in the Act is a bar to the prosecution-
 

 • Pee. Cueiam. Judgment reversed, and
 
 venire de novo
 
 awarded.