KHARAS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 24, 1911.)

No. 3,517.

1. CRIMINAL LAW (§ 1088*)—APPEAL AND ERROR—QUESTIONS PRESENTED BY RECORD.

Where the bill of exceptions in a criminal case does not contain the charge of the court, so as to disclose the issues actually tried, or the evidence produced on the trial, neither rulings on the admission of evidence in ordinary cases nor the giving or refusal of instructions can be reviewed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2794, 2797; Dec. Dig. § 1088.*]

2. JURY (§ 136*)—PEREMPTORY CHALLENGES IN CRIMINAL CASE—EFFECT OF CONSOLIDATION OF INDICTMENTS.

Where separate indictments against a defendant for violation of the same statute were consolidated for trial on his motion which referred to the statutory provisions authorizing the same, it must be assumed that the consolidation was under Rev. St. § 1024 (U. S. Comp. St. 1901, p. 720), and the result was to create a single case on a number of counts, in which, if the charges are for misdemeanors, defendant was entitled to but three peremptory challenges under Rev. St. § 819 (U. S. Comp. St. 1901, p. 629).

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 136.*

Trial by jury in criminal prosecution, see note to West v. Gammon, 39 C. C. A. 275.]

In Error to the District Court of the United States for the District of Nebraska.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Criminal prosecution by the United States against Theodore Kharas. From a judgment of conviction, defendant brings error. Affirmed.

P. A. Wells, for plaintiff in error.

F. S. Howell, U. S. Atty. (A. W. Lane, Asst. U. S. Atty., on the brief), for the United States.

Before ADAMS and SMITH, Circuit Judges, and REED, District Judge.

ADAMS, Circuit Judge. Four indictments, each charging the use of the United States mail in the execution or attempted execution of a scheme to defraud, involving what is known as the "moving car sign," carried on an endless chain belt run by a small electric motor around the advertising places of a street car, alleged to have been devised by defendant Kharas, were upon his motion consolidated for the purposes of a trial. The result of the trial was a directed verdict of not guilty on one indictment, a verdict of guilty as charged on two of them, and a failure to agree upon a verdict as to the remaining indictment.

After an unavailing motion for a new trial, a general judgment was entered on the verdict, sentencing the defendant to imprisonment in the county jail for a term of four months and to pay a fine of $300. From this judgment he prosecutes error.

[1] The assignments of error challenge in one form or another the sufficiency of the evidence to support the verdict, the competency, relevancy, and materiality of evidence admitted or rejected, the law in many particulars as declared by the court to the jury in its general charge, and the refusal by the court to instruct the jury as requested by the defendant in many other particulars.

The defendant, for reasons satisfactory to his counsel, has not brought to this court the evidence produced at the trial or the charge of the court to the jury. He contented himself by selecting from a great volume of testimony taken in a trial which continued about three weeks, and bringing to this court such fragmentary parts of it as seemed to favor his contentions, and has not brought even fragments of the general charge to the jury.

The government now contends, as it warned defendant's counsel when the bill of exceptions was presented, it would contend that the absence of the testimony, omitted from the record, renders a review of the action of the trial court in refusing to direct a verdict for the defendant and in rulings on evidence admitted or rejected impossible, for the reason that the evidence as a whole might have explained and controlled, and in fact did so explain and control the rulings of the court complained of as to fully justify them. It also contends that the absence from the record of the charge to the jury precludes a review of the action of the court in refusing to give declarations of law requested by defendant.

It goes without saying that the absence of the evidence precludes any consideration of the question whether it was sufficient to support the verdict, and, after a patient examination of the proceedings below,

we have reached the conclusion that we cannot review the rulings of the court on the admissibility of the evidence. We do not intend to lay down the proposition that no proper assignment of error in rejecting or admitting evidence can ever be made without bringing to this court all the evidence in the case. Undoubtedly it may be done, provided the evidence brought here clearly discloses the relation of the testimony challenged by the assignment to the issue actually tried, and that the admissibility of the evidence challenged could not be affected by the evidence produced. But, in this case, on account of the absence of the charge given to the jury, we cannot know what the actual trial issues were, and of necessity cannot know whether the evidence under consideration was material to such issues, and, for want of an affirmative showing in some appropriate way that the evidence not produced did not affect the admissibility of that challenged, it is impossible to say that that which was rejected was not fully supplied by other proof or that that which was admitted was not necessitated by other evidence in the case. In view of this condition of things, the presumption must be indulged that the rulings on evidence were right and unprejudicial.

It is manifestly true that, in the absence of what the court did charge the jury, we cannot say that what it refused to charge was error. Even if the requests for instructions contained good and applicatory law, non constat the court may have given the same or its fair equivalent in its general charge.

[2] Passing, therefore, the numerous assignments of error of the kind just referred to, we come to the one which was chiefly argued and relied on for reversal: That the court erred in denying to the defendant twelve peremptory challenges of jurors, or three on each indictment.

The defendant contends that the indictments were not consolidated within the meaning of section 1024, R. S. 1878 (U. S. Comp. St. 1901, p. 720), but were merely tried together as separate cases, for the convenience of the court and to avoid unnecessary cost and delay; that the order for their joint trial was made independently of any statutory authority, as an exercise of discretion on the part of the trial court like the proceeding in the case of Brown v. United States, 74 C. C. A. 214, 143 Fed. 60, and that as a consequence the defendant did not lose his right to peremptorily challenge three jurors for each indictment tried or twelve in all. We are unable to give our approval to this contention.

The four indictments were consolidated upon the motion of the defendant, a distinct reference being made in the written motion filed for that purpose to the statute of the United States providing for consolidation of indictments. This necessarily meant section 1024, R. S. 1878. It was therefore the statutory consolidation, frequently referred to in the decisions of the courts and having been brought about by the defendant's request he cannot complain, but must abide by the legal consequences of such a consolidation. If it had been ordered by the court without his request or consent, but with no objection on his part, it would not be open for him to take objection to it at the

present time or at any time after verdict. Logan v. United States, 144 U. S. 263, 295, 12 Sup. Ct. 617, 36 L. Ed. 429. The suggestion therefore, that because it was a consolidation of four indictments (each containing three counts grounded on section 5480, R. S. 1878 [U. S. Comp. St. 1901, p. 3696]) it was unwarranted and unlawful, is now unavailing. The valid consolidation under section 1024 of the four indictments must therefore be assumed.

What now is the effect of such a consolidation upon defendant's right to peremptory challenges of jurors? He was indicted October 20, 1908, for an offense then classified as a misdemeanor. Section 5480, R. S. 1878. His trial in the court below was for a misdemeanor, and his rights of challenge must be determined according to law governing such trials. In the case of McElroy v. United States, 164 U. S. 76, 17 Sup. Ct. 31, 41 L. Ed. 355, the Supreme Court, construing section 1024, said:

"The order of consolidation under this statute put all the counts contained in the four indictments in the same category as if they were separate counts of one indictment. * * * *"

And in the case of Krause v. United States, 78 C. C. A. 642, 147 Fed. 442, this court followed the McElroy Case, and treated the consolidation of several indictments as one case for the purpose of a trial.

Following the foregoing authorities, we must necessarily hold that the result of the statutory consolidation under consideration was the creation of a single case containing several accusations of offenses constituting misdemeanors only against the defendant; that thereby the four original indictments were transformed into one indictment or one case and brought within the express provision of section 819, R. S. (U. S. Comp. St. 1901, p. 629), which enacts that "in all other cases" (that is, other than treason, capital offenses, or other felonies), "civil and criminal, each party shall be entitled to three peremptory challenges."

Argument is made that because the motion of defendant was to consolidate the indictments "for the purpose of trial" and because the order made was that they be consolidated "for the purpose of trial" this in some manner limits the scope or narrows the effect of the consolidation; but we are unable to see the force of this argument. The statutory consolidation is necessarily for the purposes of a trial and the final disposition of the case resulting from that trial. As the impaneling of a jury, including, of course, the exercise of peremptory challenges, is an incident of the trial, the scope of the consolidation even on defendant's theory would necessarily comprehend the performance of those acts. If, therefore, the particular motion and order of court in this case had the effect as claimed by defendant, the argument proves too much.

The judgment of the District Court must be affirmed.