### STATE v. FRONTIS DIGGS ET AL.

(Filed 27 April, 1921.)

**Criminal Law—Conspiracy—Indictment—Evidence—Others Not Named—Instructions—Appeal and Error.**

Where the bill of indictment charges a conspiracy resulting in the commission of a crime by persons named in the bill and others, and there is evidence thereof not only as to those named but also as to others, a charge that it takes more than one person to make a conspiracy, but confining the definition of conspiracy to a conviction of more than one of the parties defendant, is reversible error, in leaving out of consideration the evidence that one of those named in the bill may have conspired with others not named therein.

APPEAL by defendants from *McElroy, J.,* at September Term, 1920, of ANSON.

Criminal prosecution, tried upon an indictment charging the defendants (fourteen in number) with conspiring, confederating and agreeing among themselves and with others to unlawfully and feloniously assault and murder one W. H. Watkins.

The ·evidence, tending to show an unlawful conspiracy among the defendants, was equally as strong in establishing that others, not named in the bill, participated in what took place and aided and abetted the present defendants or some of them.

Upon the question as to what verdict might be rendered, his Honor charged the jury as follows: "Gentlemen of the jury, you may return a verdict of guilty as to any two or more of the defendants or you may return a verdict of not guilty as to one or all of the defendants. You cannot find one alone guilty because it is necessary that at least two combine in order to form a conspiracy. So your verdict may be guilty as to any two or more or all, or not guilty as to one or more or all, as you may find and are satisfied from the evidence." Defendants excepted. ·

The court directed a verdict of not guilty as to seven of the defendants; two were acquitted by the jury, and the remaining five, to wit, Frontis Diggs, Alex. Douglass, Watt, Frank and Ben Robinson, were· convicted, and from the judgments pronounced they appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*McLendon & Covington and R. B. Redwine for defendants.*

STACY, J. The defendants were tried jointly, and rightly so. But we think his Honor erred in charging the jury that a verdict of guilty could not be returned against one of the defendants singly and that all should be acquitted unless as many as two were convicted. It is true the crime of conspiracy cannot be committed by one person alone. It requires the confederation of at least two and, of course, it may include more. *S. v. Christianbury,* 44 N. C., 46; *S. v. Younger,* 12 N. C., 357. But the bill charged that the defendants conspired among themselves *and with others.* Hence, the jury might have found that only one of the defendants participated in the alleged offense with another or others not on trial. The instruction would have been correct had there been no evidence tending to incriminate others along with the present defendants, or had the indictment not been *cum multis aliis. S. v. Tom,* 13 N. C., 569. Under the instant circumstances, however, we think the charge, as given, was prejudicial to the defendants, entitling them to a new trial.

There are other exceptions, appearing on the record, worthy of consideration, but as the case goes back for another hearing, and as they · may not occur again, we refrain from further comment.

New trial.