Essex Oyer and Terminer.

THE STATE v. ARTHUR C. MINCH AND HENRY J. MORRIS

Decided June 17, 1932.

For the state, *Joseph L. Smith, Felix Forlenza* and *Harold H. Fisher.*

For the defendant Arthur C. Minch, *Jacob Fox.*

For the defendant Henry J. Morris, *Leo I. Korn.*

Flannagan, J. This is a motion to quash an indictment.

The indictment is drawn under the Crimes act, sections 37 and 215, which provides that a combination of individuals "to cheat and defraud any person of any property by any means, which if executed would amount to a cheat" shall be demed a conspiracy and punishable as for a misdemeanor and that any other "cheats," "deceits," or *other offenses* of an indictable nature at common law shall be misdemeanors and punishable accordingly. So that the present indictment must stand, as against this motion, if it be good either under the express provisions of the statute or if it alleges a crime at common law.

The indictment charges that defendants "did conspire, confederate and agree together to cheat and defraud one Peter Freda of his moneys," setting out certain overt acts. The indictment contains certain additional allegations but as "the essential of an indictment for conspiracy is the combining together to do an unlawful act and as an indictment properly

setting this out is not bad simply because it contains other unnecessary averments" (*Joyce on Indictments* (2 ed.) § 488; *United States* v. *Weiss,* 293 *Fed. Rep.* 992; *Madden* v. *State,* 57 *N. J. L.* 324; 30 *Atl. Rep.* 541), these additional allegations will only be considered on this motion because they make manifest the underlying question involved in this case.

The indictment charges a conspiracy to "cheat and defraud" a private individual of his moneys by means which, the language of the indictment shows, involved the use of no token and no particular interest of the public was prejudiced by the acts as alleged.

The question presented for decision is, therefore, whether or not a confederation by individuals to commit a mere private fraud is a crime in this state. There seems to be no New Jersey case directly in point.

While the perpetration of a private fraud by a single individual would not constitute a crime at common law, the contrary appears to be the case where the private fraud is accomplished by a combination of individuals for the purpose of perpetrating it. In Clark & Marshall on the law of crimes, the authors say (sections 142 and 144):

"It is a misdemeanor to conspire to commit against another a mere private wrong, the only effect of which would be to render the wrong-doers liable to an action for damages, if acting individually. While the contemplated wrong would not be indictable, the unlawful combination to commit it, because of the increased power to injure, is regarded as so far injurious to the public at large as to require the state to interfere. Hawkins says: 'There can be no doubt that all combinations whatsoever, wrongfully to prejudice a third person, are highly criminal at common law.' And Chitty says: 'All confederacies wrongfully to prejudice another are misdemeanors at common law, whether the intention is to injure his property, his person or his character.'

\*     \*     \*     \*     \*     \*     \*

"To obtain another's money or goods by mere false representations, without using false weights, measures, or tokens is a mere private wrong at common law, and not an indictable

·cheat, and yet it has been held an indictable offense to con-spire to defraud by such means."

Other authorities sustaining this view are *State* v. *Buchanan,* 5 *Har. & John* 317; *Com* v. *Warren and Johnson,* 6 *Mass.* 74, and 2 *Bish. Cr. L.* (*9th ed.*) 135, § 198.

One of the most instructive opinions upon this subject is that of Judge Buchanan in *State* v. *Buchanan, supra,* where many old English cases supporting his conclusion are re-viewed and explained. The Buchanan case was cited with approval by Chief Justice Green in *State* v. *Norton,* 23 *N. J. L.* 33.

The contrary of this view is earnestly maintained in a painstaking opinion by Mr. Justice Ford in *State* v. *Rickey,* 9 *N. J. L.* 293. The Rickey case is not in point as the com-bination claimed in that case was to defraud a bank *of issue,* and hence, a public interest was involved. The argument of Mr. Justice Ford was, therefore, by way of *dicta.* Mr. Jus-tice Ford's argument is, however, expressly disapproved in later cases by *dicta* in opinions written both by Chief Justice Green and Chief Justice Beasley. In *State* v. *Donaldson,* 32 *N. J. L.* 151, Chief Justice Beasley says:

"The course of reasoning adopted by Mr. Justice Ford in State *v.* Rickey is now very generally admitted to be fallacious. In the case of *State* v. *Norton, supra,* the view of law expressed by Mr. Justice Ford is disapproved and Chief Justice Green in stating his conclusions, after an examination of the sub-ject, remarks 'the great weight of authority, the adjudged cases, no less than the most approved elementary writers, sus-tain the position that a conspiracy to defraud individuals, or a corporation, of their property may in itself constitute an indictable offense, though the act done or proposed to be done in pursuance of the conspiracy be not in itself indictable."

In 2 *Bish. Cr. L.* (*9th ed.*) 135, § 198, the author says:

"If two or more persons conspire to defraud another, tak-ing advantage of the power for evil which the combination gives, but neither means nor end is criminal, the case is within the doctrine of our subtitle before the last. [Referring to section 180.] Therefore, it has become established that a

conspiracy to defraud an individual is indictable by reason of the combination of numbers to do the unlawful thing, though the same wrong actually accomplished by one of the conspirators would only be a civil injury and not a crime."

The case of *State* v. *Black*, 5 *N. J. Mis. R.* 639; 138 *Atl. Rep.* 513, has no application as no fraudulent or wrongful means were there alleged to have been employed.

I conclude that for two or more persons to confederate together to deprive another of his property by fraud is a conspiracy and a crime if an overt act in fulfillment thereof be performed.

The motion to quash must therefore be denied.