STATE v. HARRY BURLESON, ROY WELD AND PARKER HUSKINS.

(Filed 21 December, 1932.)

**Jury A d—Each defendant in joint prosecution for crime not a capital felony is entitled to four peremptory challenges.**

Where several defendants are tried together for a crime other than a capital felony each is entitled to four peremptory challenges to the jury, and where the court has ruled that the defense was a joint defense and has allowed but four peremptory challenges for all the defendants, a new trial will be granted upon appeal. C. S., 4633.

APPEAL by defendants from *Moore, J.,* and a jury, at April Term, 1932, of MITCHELL. New trial.

In the statement of the case on appeal is the following: "Defendant, Harry Burleson, was represented by Judge John Ragland, Roy Weld,

by Messrs. Berry & Greene, and Parker Huskins, by Charles Hutchins. It was agreed by the solicitor for the State and counsel for the defendants that the two bills of indictment against the defendants, one for breaking and entering into the Spruce Pine Cash and Carry Grocery Company, Incorporated, and one for breaking and entering Princess Rock Filling Station might be consolidated. Whereupon, his Honor, Judge Moore, made an order for consolidation of the two bills and ruled that the defense was a joint defense, and defendants are entitled to four (4) peremptory challenges.

After several jurors had been examined, and the State passed the jury, Harry Burleson, through his counsel, proceeded to the examination and selection of the jury, stood aside four of the jurors peremptorily, and at that stage of the proceeding to select the jury, the trial court held: 'I am ruling that it is a joint defense and the defendants entitled to only four challenges—peremptory challenges.' To which ruling defendants except.

Thereupon, Mr. Berry, for Roy Weld, challenged the juror, Ayres, and asked to be permitted to stand him aside peremptorily. The court overruled the challenge, and the defendant, Roy Weld, excepted.

Thereupon, defendant Parker Huskins, challenged the juror Ayres peremptorily and requested the court to stand the juror aside. Denied by the court. Exception by Parker Huskins.

The court: 'I hold that it is a joint defense, and all defendants entitled to only four peremptory challenges,' and to this ruling all of the defendants except.' "

The defendants duly excepted and assigned error to the above rulings of the court below. The defendants were convicted and judgment pronounced on the verdict, and they appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*W. C. Berry and Charles Hutchins for defendants.*

PER CURIAM. C. S., 4633, is as follows: "Every person on joint or several trial for his life may make a peremptory challenge of twelve jurors and no more; and in all joint or several trials for crimes and misdemeanors, other than capital, every person on trial shall have the right of challenging peremptorily, and without showing cause, four jurors and no more. And to enable defendants to exercise this right, the clerk in all such trials shall read over the names of the jurors on the panel, in the presence and hearing of the defendants and their counsel,

and before the jury shall be impaneled to try the issue; and the judge or other presiding officer of the court shall decide all questions as to the competency of jurors."

The above statute in clear and unmistakable language for the offenses for which defendants were indicted, says *"in all joint or several trials for crimes* and misdemeanors other than capital, *every person on trial* shall have the right of challenging peremptorily and without showing cause *four jurors* and no more."

In *S. v. Ashburn,* 187 N. C., at p. 721, this Court said: "The intent of the law is to secure a jury that will render a fair and impartial verdict." The General Assembly has seen fit to give *every person* on trial *on a joint or several* bill of indictment for the crimes as herein charged four peremptory challenges. We can only construe the law as written. In the record there is no waiver of the above provisions of the law. The other matters in the record are not necessary to be considered. For the reasons given, there must be a

New trial.