STATE v. CLARENCE ALRIDGE, LLOYD ALRIDGE, AND ED ALRIDGE.

(Filed 11 July, 1934.)

**1. Jury A d—Defendant tried on consolidated bills of indictment is entitled to but four peremptory challenges.**

Where several bills of indictment against a defendant are consolidated for trial, the defendant is entitled to but four peremptory challenges to the jury and not to four peremptory challenges for each bill, the consolidated bills being treated as separate counts of the same bill. N. C. Code, 4623.

**2. Conspiracy B a—Death of one defendant prior to trial does not preclude conviction of the other defendant of conspiracy.**

Four defendants were indicted for assault and conspiracy. One defendant was acquitted. A second defendant's plea of guilty to the charge of assault and not guilty to the charge of conspiracy was accepted by the State. The third defendant died prior to trial. The fourth defendant was convicted on both counts. *Held*, the contention of the fourth defendant that he alone could not be convicted of conspiracy cannot be sustained, since the subsequent death of the deceased defendant would not affect the charge of conspiring with such defendant prior to the commission of the crime while said defendant was yet alive.

SCHENCK, J., took no part in the consideration or decision of this case.

CRIMINAL ACTION, before *Finley, J.*, at October Term, 1933, of AVERY.

At the October Term, 1933, of Avery Superior Court four bills of indictment were returned against Ed Alridge, Lloyd Alridge, Clarence Alridge and Wes Buchanan, charging that said defendants on 16 October, 1933, did conspire, confederate and agree among themselves" to assault, beat and wound Adam Wiseman, with a deadly weapon, and did, in a secret manner, feloniously assault said Wiseman with intent to kill. The second bill charged the same defendants with a like offense on the same date, against R. A. Shumaker. The third bill charged the same defendants with a like offense, on the same date against W. H. Hughes. The record shows the following: "The above named defendants were each indicted in separate cases as charged in the respective bills of indictment, and it was agreed between the solicitor for the State and the attorneys representing the defendants that the said three bills of indictments and causes of action might be consolidated for the purpose of trial. . . . Before the jury was impaneled, counsel for the defendants stated that the defendants did not oppose the consolidation of the cases for the purpose of trial, but moved the court to allow the defendants four peremptory challenges each in each of the three cases, or a total of 12 challenges each to each of said defendants. The court overruled the motion."

The defendant, Wes Buchanan, was dead at the time of the trial. The defendant, "Ed Alridge, tendered a plea of guilty of assault as charged in the bills of indictment, but not guilty of conspiracy, at the close of the State's evidence, which plea the State accepted." The jury found Lloyd Alridge guilty as charged in the bill of indictment and Clarence Alridge not guilty.

From judgment sentencing Ed Alridge to the State's prison for not less than four nor more than six years, and Lloyd Alridge for not less than three nor more than five years, the said Lloyd Alridge appealed.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*J. W. Ragland and Byron E. Williams for defendant.*

BROGDEN, J. 1. If separate indictments against a single defendant are consolidated for trial, is such defendant entitled to four peremptory challenges for each indictment?

2. If four defendants are charged in a consolidated bill of indictment with conspiracy and one is dead before the trial, another pleads guilty at the conclusion of State's evidence, and another is acquitted, may the remaining defendant be convicted of such conspiracy?

C. S., 4622, Michie's Code, 1931, authorizes a consolidation of several charges against any person "for the same act or transaction, or for two or more acts or transactions connected together." In the case at bar no exception is taken to the consolidation of the cases, but the appealing defendant has properly raised the legal question as to whether in such event he was entitled to four peremptory challenges in each of the three separate indictments which formed a consolidated bill. C. S., 4633, Michie's Code, 1931, provides: "And in all joint or several trials for crimes and misdemeanors, other than capital, every person on trial shall have the right of challenging peremptorily, and without showing cause, four jurors and no more." The theory of the law is that when two or more indictments for the same offense are consolidated, they are to be treated as separate counts of the same bill. *S. v. Stephens,* 170 N. C., 745, 87 S. E., 131; *S. v. Lewis,* 185 N. C., 640, 116 S. E., 259; *S. v. Malpass,* 189 N. C., 349, 127 S. E., 248; *S. v. Beal,* 199 N. C., 278, 154 S. E., 604. Consequently, if there is but one bill containing several counts, it would seem manifest that a defendant is not entitled to four peremptory challenges on separate counts in a bill, but that he should be allowed four challenges at the trial on the consolidated bill.

The defendant, however, relies upon the case of *S. v. McNeill,* 93 N. C., 553. This Court in its opinion quoted from *Withers v. Commonwealth,* a Pennsylvania case, holding that separate indictments for conspiracy would be consolidated in the discretion of the court. The quotation was concluded with this language: "He was allowed, however, the privilege of challenging four jurors on each indictment." The Supreme Court of North Carolina, commenting upon the *Withers case,* said: "That case was substantially like the present one, except that in the latter, no question was raised as to the right of challenge of jurors." The fourth head note of the *McNeill case* declares: "In such case, *it seems* that the defendant is allowed the same number of peremptory challenges to the jury as if he had been tried separately on each bill."

It is not thought that the *McNeill case, supra,* is authority for the position that the defendant was entitled to 12 peremptory challenges, because it appears that "no question was raised as to the right of challenge of jurors." Hence, the question remained open. Therefore, in the absence of interpretation to the contrary, it must be concluded that the express provision of C. S., 4633, authorizing four peremptory challenges in such cases, must be accepted as the law upon the subject. See *S. v. Burleson,* 203 N. C., 779.

The defendant, Lloyd Alridge, contends that he cannot be convicted of conspiracy because a defendant cannot conspire with himself, and as the State accepted Ed Alridge's plea of guilty of assault, but not guilty of conspiracy, and as the jury acquitted Clarence Alridge, and as Wes Buchanan was dead, there was no one left in the case for him to conspire with. However, the bill charges that Lloyd Alridge conspired with Wes Buchanan. The fact that Buchanan was dead at the time of the trial had no effect upon the unlawful conspiracy if such had been entered into between him and the defendant during his lifetime, and before the crime was committed. This point is decided against the contention of defendant in *S. v. Diggs,* 181 N. C., 550, 106 S. E., 834. See, also, *S. v. Turner,* 119 N. C., 841, 25 S. E., 810.

No error.

SCHENCK, J., took no part in the consideration or decision of this case.