GARY ELLIS, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

403 S.W.2d 293.

(*Knoxville,* September Term, 1965.)

Opinion filed April 6, 1966.

Petition for Rehearing Denied June 3, 1966.

298

CONRAD FINNELL, Cleveland, for Gary Ellis.

JAMES P. WATKINS, District Attorney General, Madisonville, GEORGE F. MCCANLESS, Attorney General, and THOMAS E. Fox, Assistant Attorney General, Nashville, for the State.

MR. JUSTICE DYER delivered the opinion of the Court.

The plaintiff in error, Gary Ellis, hereinafter referred to as defendant, appeals from two separate convictions of receiving and concealing stolen property.

On 3 April 1965 two Chevrolet automobiles were stolen, while parked, in Cleveland, Tennessee. These cars, driven to a remote section of an adjoining county, were

stripped of salable parts and the parts carried in an enclosed truck to London, Kentucky, where they were sold to a salvage dealer. On 5 April 1965 defendant along with two codefendants, Jerry Maroon and J. D. Stansbery, were arrested and charged with this crime.

Defendant was jointly indicted and tried with his two codefendants. State Trooper W. E. Allison questioned J. D. Stansbery and Jerry Maroon out of the presence of defendant. These two codefendants made statements to this Trooper that they, along with defendant, had stolen these cars, stripped them, and had taken the parts to Kentucky to sell them. The introduction of these statements into evidence by the testimony of Trooper Allison makes up the first issue here on appeal by defendant.

Defendant made application for a severance on the grounds, (1) his defense was antagonistic to that of his codefendants and (2) he anticipated statements, implicating him, made by his codefendants out of his presence, which statements would not be admissible against him in a separate trial. The failure of the trial judge to grant a severance is assigned here as error.

The trial judge correctly and sufficiently instructed the jury not to consider statements made by J. D. Stansbery and Jerry Maroon in their consideration of the guilt or innocence of the defendant, since they had been made out of his presence. We say this to exclude a problem.

The granting of a severance is a matter within the discretion of the trial judge and, here on appeal, he will not be put in error for failure to do so unless it can be shown the defendant was clearly prejudiced. See *Tomlin v. State,* 207 Tenn. 281, 339 S.W.2d 10 (1959) and cases cited in that opinion. The difficulty both on the trial level

and here on appeal is where discretion ends and severance becomes a duty.

 The only possible prejudice to defendant was the statements made by his co-defendants implicating him and introduced into evidence. As a general rule such statements are admissible if the trial judge properly instructs the jury, as in the case at bar, not to consider them against defendants not present when such statements were made. *Thompson v. State,* 171 Tenn. 156, 101 S.W.2d 467 (1937); *Kennedy v. State,* 186 Tenn. 310, 210 S.W.2d 132 (1946); *Kirkendoll v. State,* 198 Tenn. 497, 281 S.W.2d 243 (1954); *Monts v. State,* 214 Tenn. 171, 379 S.W.2d 34 (1964). In *Stallard v. State,* 187 Tenn. 418, 215 S.W.2d 807 (1948) this court cited with approval the following from 23 C.J.S. Criminal Law sec. 935:

> If one of several defendants jointly indicted has made admissions or confessions involving another defendant, the court may, in its discretion, order a separate trial, so that the admissions or confessions, while evidence against the one, may not prejudice the other, and where the circumstances are such that an instruction to disregard the confession of one when considering the guilt of another would prove ineffective to eradicate the impression on the jury the severance should be granted, unless the prosecuting attorney expressly declares that such statements will not be offered in evidence on the trial, or unless all reference to the moving defendant is eliminated from the confession. 187 Tenn. 429, 215 S.W.2d 812.

 Under the above statement in the Stallard case the decision can be made on whether, in light of all the evidence, the instruction of the trial judge is effective

in eradicating from the minds of the jury the impression made by the confession in considering the guilt of a defendant against whom, in a separate trial, the confession would not be admissible. In making this decision in the case *sub judice* the case of *People v. Feolo,* 282 N.Y. 276, 26 N.E.2d 256 (1940) is helpful and the court said:

When defendants are jointly indicted, the question whether there should be separate trials is addressed primarily to the practical good judgment of a trial judge. In the ordinary case, a ruling directing a joint trial will be on the safe side, though confessions or admissions made by one defendant will not be binding on another. * * * The point at which discretion ends and severance becomes a duty is at times hard to fix. * * * Here the duty to sever was clear before the trial began, though that is not a controlling consideration now. In *People v. Fisher,* supra, we said: "A retrospective view by an appellate court may reveal injustice or impairment of substantial rights unseen at the beginning. *In a case where, without the existence of a confession by one defendant, the evidence against another would be too weak to justify a conviction or even where a conviction would be doubtful, or review of the judgment would compel us to conclude that an abuse of discretion has been committed.* One who makes no confession must be found guilty, if at all, only on proof independent of a confession by a codefendant. 282 N.Y. 276, 26 N.E.2d 258. (Emphasis supplied.)

We then examine the record to determine if the evidence against defendant, without the confessions of his codefendants, would be weak or doubtful in support of a conviction. The proof offered by the State without the

confessions, would support the jury finding the following facts:

In the afternoon of 3 April 1965 (Saturday) two 1963 Chevrolet cars were stolen while parked in Cleveland. These two cars were found, stripped of salable parts, about 6:30 P.M. the next day (Sunday) in a remote section of an adjoining county. On this same Sunday parts from 1963 Chevrolet cars, similar to the stolen cars, were taken by defendant and his two codefendants in a closed truck from Cleveland to London, Kentucky where they were sold for $850.00. The State offered proof from which the jury could find the truck, used by the defendants, became disabled by going in a hollow or ditch near the place where these two cars had been stripped. The witness, Otis Davis, testified about 8:00 P.M. on 3 April 1965 (Saturday) defendant and Bobby Stansbery contacted him to get him to pull a truck out of a ditch. Mr. Davis, with his wrecker, went to this area but he also got stuck. The next day (Sunday) J. D. Stansbery obtained the services of Wesley Brewer, who with his wrecker, extricated both the Davis wrecker and the truck.

Defendant as a witness in his own behalf testified he was at Jerry Maroon's house on Saturday night when J. D. Stansbery contacted him about delivery of a load of furniture. The next day he met J. D. Stansbery at a truck stop in Cleveland and the three of them (defendant, J. D. Stansbery and Jerry Maroon) proceeded from there in a truck to London, Kentucky. The truck was a van type with locked doors. They arrived late at night and went to a motel. The next morning a lady came by telling them to get up and unload the truck. They got up and drove the truck two or three miles down the road turning into an autosalvage junk yard. Some employees of this

junk yard opened and unloaded the truck. At this time defendant could see the truck did not contain furniture but did contain auto parts. Even so defendant said he did not think much about it. The salvage dealer paid $850.00 for the parts by five one hundred dollar bills and a check made to Jerry Maroon for $350.00. The check was cashed and the three started on back to Cleveland. On the way back the truck broke down and Bobby Stansbery picked them up in a car taking them on back to Cleveland. Defendant had told essentially the same story to Trooper Allison. Trooper Allison had already testified to such as a part of the State's proof. There was one exception. Allison testified defendant told him he received $150.00. Defendant said it was $25.00.

Jerry Maroon testified as a witness in his own behalf and he too thought they were moving furniture. J. D. Stansbery did not testify.

■ We think there is ample evidence, without the confessions of the codefendants, to support this conviction of defendant for receiving and concealing stolen property. Under this record the instructions of the trial judge in regard to the use of these confessions against defendant amply protected his rights. In fact the testimony of defendant in light of proven facts and reasonable inferences to be drawn therefrom was incredible.

■ T.C.A. Sec. 40-2510 allows a defendant, under a felony indictment, eight preemptory challenges. Defendant tried under two separate indictments, consolidated by order of the trial court, insists he was entitled to sixteen peremptory challenges. That is eight for each felony indictment. There is no Tennessee case directly in point.

This question has arisen in other jurisdictions. *Commonwealth v. McCawley*, 55 Montg. (Pa.Quarterly Sess.) 40; *State v. Alridge*, 206 N. C. 850, 175 S.E. 191; *Commonwealth v. Peronace*, 328 Pa. 86, 195 A. 57; *State v. Rogers*, 19 N.J. 218, 116 A.2d 37; and *Beckett v. United States*, 6 Cir., 84 F.2d 731. In all of these cases it was held consolidation of indictments for trial does not entitle a defendant to additional peremptory challenges. There is authority to the contrary. See *Betts v. United States*, 1 Cir., 132 F. 228; *United States v. Gallaghan*, 8 Cir., 229 F. 172.

The general rule is stated in 50 C.J.S. Juries sec. 281, Page 1077 as follows:

"The fact that an indictment contains several counts does not entitle accused to any additional peremptory challenges, even though the different counts charge separate and distinct offenses which may be joined in the same indictment. This is also true where several indictments charging similar offenses, which might have been charged in separate counts of the same indictment, are consolidated. The rule is otherwise where several indictments against the same accused are not consolidated but tried together before the same jury."

On this matter we need to keep in mind peremptory challenges are given in addition to challenges for cause. In fact they are given in addition to challenges for cause, out of an abundance of caution, to insure both the state and a defendant a fair and unpartial jury. Whether there be only one indictment or two consolidated there is only one defendant and one jury to be chosen. The trial judge did not err in allowing defendant only eight peremptory challenges.

In the technical record the following order appears:

In this cause, it appearing to the court that one of the attorneys for the defendant Gary Ellis, accused the Sheriff of Bradley County, who was in the process of taking the jury to supper, of separating the jury into two cars so that he could use "the hot stick on them," the Court thereupon swore in W. E. Allison and Paul B. Johnson, two Tennessee Highway Patrolmen, to take and guard the jury in addition to the county officers to their evening meal and return.

W. E. Allison mentioned in this order is the same person who had testified as a witness in this case. On this matter the general rule is stated in 23A C.J.S. Criminal Law, sec. 1352 as follows:

An officer who is also the prosecutor is disqualified to have charge of the jury pending the trial; but the proper officer is not disqualified from acting merely by reason of the fact that he arrested accused; nor that he is sworn and testifies as a witness in the case, although it has been said that even though not prejudicial error, the practice of putting a witness in charge of the jury is to be condemned, and it has been held that it is improper for a material witness for the state to act as bailiff, or to have any communication with the jury.

The practice of an officer, who has testified in a criminal case, having charge of the jury is not approved.

In the case of *sub judice* the only information we have properly before us, on this issue, is the order above copied. We think under the circumstances of its occurrence the fact W. E. Allison was one of the officers taking the jury to their evening meal was harmless error.

We have considered the other assignments of error and find them without merit.

Judgment affirmed.

BURNETT, CHIEF JUSTICE, and WHITE, CHATTIN and CRESON, JUSTICES, concur.

## Opinion on Petition to Rehear

MR. JUSTICE DYER.

Plaintiff in error, Gary Ellis, has filed a petition to rehear as a result of our original opinion filed 6 April 1966.

The petition argues the same points raised at the original hearing and dealt with in our original opinion. We have again examined the matter and are fully satisfied plaintiff in error has received a fair trial and in such trial none of his constitutional rights were violated.

The petition to rehear is denied.

BURNETT, CHIEF JUSTICE, and WHITE, CHATTIN and CRESON, JUSTICES, concur.