ALLEN, Judge.
The appellant, Johnson, has appealed from two judgments and convictions of “uttering a check with a forged endorsement.”
Two informations were filed against appellant. One of the informations pertained to certain criminal acts allegedly committed by appellant in a St. Petersburg Publix Market on the 7th of September, 1966. The second information contained the same charges except that the alleged acts had taken place one day later on September 8, 1966.
The two cases were consolidated for trial and also for purposes of this appeal.
Two women employees from the Publix Market acted as witnesses for the state and identified the appellant as being the person for whom they had cashed the checks.
*674 The lower court directed verdicts of acquittal as to Count One of each information on the ground that no evidence had been adduced to show knowledge that the signature of the maker was forged. The cases were submitted to the jury on Count Two of the informations and appellant was found guilty of both charges.
Appellant has raised two points on this appeal. The first is whether or not the court erred in commenting on evidence in its instructions. The second is whether the court erred in limiting defendant’s number of peremptory challenges.
After carefully examining the record on appeal and researching the problem areas in some depth, we conclude that both questions raised by appellant must be answered in the negative. The judgments and sentences appealed from must, therefore, be affirmed.
At the conclusion of the testimony, the trial judge proceeded with his instructions to the jury. During those instructions he defined “uttering and publishing” and “forged endorsement” after which he stated:
“Now, you note that notwithstanding that the elements may have been proved that I have defined for you; that is to say, the uttering and the publishing of a check; and notwithstanding the forged endorsement, it is essential that the state establish knowledge on the part of this defendant that he knew the endorsement was forged, and further that he did utter and publish with the intent to defraud.
“Now, gentlemen, knowledge and intent are states of mind, and they are rarely, if ever, susceptible of direct or positive proof. You just cannot open a person’s mind and see what he knows or intends. But that which a person knows and that which he intends may oftentimes be inferred from his acts and his conduct in the face of all the facts and circumstances with which he is faced and which he knows with which he is faced. And it is for you to determine from all the facts and circumstances of the case which you believe to be true; that is to say, from circumstantial evidence, whether or not the State has proved to you that this defendant, assuming the check, assuming the forged endorsement, this defendant knew that it was forged; and further whether or not he had the intent to defraud. Now, the intent to defraud which is required in this case is the conscious purpose to commit a fraud upon another person. The other person in this case is alleged to be Publix Market, Inc.”
We do not view the quoted parts of the judge’s charge as commenting on the evidence.
In Marlow v. State, 1905, 49 Fla. 7, 38 So. 653, the trial court charged the jury, in effect, that if the defendant, with malice toward the deceased, induced an assault upon himself with premeditated design to shoot and kill the decedent if the decedent did assault him, then the defendant could not avail himself of the plea of self defense. Our Supreme Court, in the Mar-low case, supra, held that the instruction above referred to did not invade the province of the jury and affirmed the judgment of the lower court.
And then in Griggs v. State, 1929, 96 Fla. 749, 119 So. 513, the Court held that where the judge had qualified his charge with “ * * * if you believe from the evidence * * * ”, certain recitations which the judge made thereafter did not amount to an assumption in the instruction that certain material and controverted facts were established.
We view those portions of the judge’s charge which we have quoted above to fall squarely within the holding of the Griggs case, supra, pointing out once again that they do not amount to a commentation on the evidence.
We now turn our attention to a consideration of the second question, i. e., *675 whether the court erred in limiting defendant’s number of peremptory challenges. In reference to this question, we hold, that since the court below allowed eight peremptory challenges at the trial, the defendant received the six peremptory challenges to which he was entitled under the statute, plus two additional challenges, which we deem to he within the trial court’s discretion to grant or deny.
The statute to which we refer is Fla. Stats., § 913.08, F.S.A. It provides:
“913.08 Number of peremptory challenges
The state and the defendant shall each be allowed the following number of peremptory challenges:
“(1) Ten, if the offense charged is punishable by death or imprisonment for life;
“(2) Six, if the offense charged is a felony not punishable by death or imprisonment for life;
“(3) Three, if the offense charged is a misdemeanor.
“(4) If two or more defendants are jointly tried each defendant shall be allowed the number of peremptory challenges specified above and in such case the state shall be allowed as many challenges as are allowed to all of the defendants.”
In Meade v. State, Fla.1956, 85 So.2d 613, 59 A.L.R.2d 835, our Supreme Court held that it was error for the court to order two prosecutions for murder consolidated for trial where the defendant had objected to the consolidation on various grounds. After holding that reversible error had been committed in consolidating the cases, the court, in its opinion, stated:
“The statute dealing with the subject of peremptory challenges contains a provision that the defendant shall be allowed ten of such challenges if the offense charged is punishable by death or life imprisonment and that if two or more defendants are jointly tried, each of them shall be allowed ten peremptory challenges. Sec. 913.08, Florida Statutes 1953, and F.S.A. But it does not follow that if a defendant is faced with charges of murdering two persons, the number of his peremptory challenges should be restricted to ten simply because there is but one defendant. When the fundamental purpose of the challenges is considered, the contrary is plain.”
It is worth noting that in the statute referred to above, the legislature saw fit to provide specifically that in the event two or more defendants are tried together each defendant shall be allowed a certain number of peremptory challenges. If the legislature had intended for a defendant with two or more charges against him to have a specified number of peremptory challenges on each charge, as claimed by appellant, it would have so provided in the statute.
The case of Blackwelder v. State, Fla.App.1958, 100 So.2d 834, was a prosecution under two informations, which were consolidated for trial. One information charged the defendant with the unlawful sale of intoxicating liquors in a dry county, and the other information charged him with unlawful possession of intoxicating liquors with intent to sell same in a dry county. Judge Sturgis, speaking for the First District Court of Appeal, held that where the basis for the informations arose out of a single incident, the evidence was secured simultaneously, and' the witnesses were identical, the defendant was not entitled, upon a consolidation of the cases, to accumulate the number of peremptory challenges that would have been allowable had the cases been tried separately.
The court further held that trial judges have discretionary power to order consolidation of criminal cases involving two or more informations relating to similar or connected offenses.
*676 In its opinion, the court discusses the Meade case, supra, saying:
“Defendant cites Meade v. State, Fla., 85 So.2d 613, 59 A.L.R.2d 835, as authority for his alleged right to six peremptory challenges, that being the aggregate number that would have been available to him on separate trials of the charges made by the two informations. We do not agree. In the Meade case separate indictments charged him with murder in the first degree. They related to two distinct homicides, in one of which the victim was bludgeoned to death with a shotgun, and in the other was shot to death with a pistol. Defendant Meade contemplated introducing no testimony but his own in defense of one case, which would have entitled him to the opening and closing argument before the jury, while in the other he contemplated using additional witnesses, and he strenuously and repeatedly objected to consolidation, before and after the proceedings commenced. The supreme court held that it was prejudicial to consolidate the charges because it seriously disabled' the presentation of his defense. We are aware of the dicta in that case to the effect that even if consolidation were proper under the circumstances, the gravity of the charges was such that defendant should have been permitted twice the number of challenges specified by the act. However, there is no sound parallel between the facts in that case and those in the case on review.”
The court concluded its opinion by saying:
“ * * * It is not clear under our statute whether the number of allowable challenges varies according to whether the trial is one involving a single indictment or information or involving two or more indictments or informations that are properly consolidated for trial. We hold that the number allowable as a matter of right is the same in either case. The trial judge may, however, allow such additional peremptory challenges in a consolidated case as in his discretion seems just.”
Only two Florida cases, those above quoted, appear in the briefs of appellant and appellee, and we have been unable to find any other cases on point from this state.
In reviewing cases from other jurisdictions, however, we note that the Supreme Court of New Mexico, in the case of State v. Compton, 57 N.M. 227, 257 P.2d 915, 923 (1953), had this to say:
“In order to facilitate the trial of the case the state moved for consolidation of the two cases against the defendant and the defendant joined in this motion. Thereafter the defendant requested the allowance of five peremptory challenges for each of the cases so consolidated. This request was denied and the court asked the defendant if he would like a severance. The severance was declined by the defendant and he was limited by the court to five peremptory challenges upon the entire consolidation. The defendant assigns the action of the court in this regard as prejudicial error.
ft # c
“The general rule is stated in 50 C.J.S. § 281(4), p. 1077 under Juries, to wit:
“ ‘The fact that an indictment contains several counts does not entitle accused to any additional peremptory challenges, even though the different counts charge separate and distinct offenses which may be joined in the same indictment. This is also true where several indictments charging similar offenses, which might have been charged in separate counts of the same indictment, are consolidated. * * * t
The Supreme Court of North Carolina, in State v. Alridge, 206 N.C. 850, 175 S.E. *677 191, 192 (1934), held that a defendant, on the consolidation for trial of separate indictments against him, was not entitled to four peremptory challenges on each indictment. The court, in its opinion, said:
“* * * C.S. § 4633, Michie’s Code 1931, provides: ‘And in all joint or several trials for crimes and misdemeanors, other than capital, every person on trial shall have the right of challenging peremptorily, and without showing cause, four jurors and no more.’ The theory of the law is that, when two or more indictments for the same offense are consolidated, they are to be treated as separate counts of the same bill. * * * [Citations omitted] Consequently, if there is but one bill containing several counts, it would seem manifest that a defendant is not entitled to four peremptory challenges on separate counts in a bill, but that he should be allowed four challenges at the trial on the consolidated bill.”
In the case of Kharas v. United States, 192 F. 503 (8th Cir. 1911), where separate indictments against a defendant for violation of the same statute were consolidated for trial . . . the result was to create a single case on a number of counts.
The Court, in its opinion at page 506, expressed the following:
“ * * * we must necessarily hold that the result of the statutory consolidation under consideration was the creation of a single case containing several accusations of offenses constituting misdemeanors only against the defendant; that thereby the four original indictments were transformed into one indictment or one case and brought within the express provision of section 819, R.S. (U.S.Comp.St. 1901, p. 629), which enacts that ‘in all other cases’ (that is, other than treason, capital offenses, or other felonies), ‘civil and criminal, each party shall be entitled to three peremptory challenges.’ ”
We hold that under the factual situation herein that the lower court should be affirmed.
Affirmed.
LILES, C. J., concurs.
PIERCE, J., dissents with opinion.