MORENO CARROLL, *alias* JONES CARROLL, v. STATE

190 So. 437
Division A
Opinion Filed July 11, 1939
Rehearing Denied July 14, 1939

234

*Philip D. Beall, Jr.,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

THOMAS, J.—Moreno Carroll, plaintiff in error, and another were charged in an information with illegal sale of intoxicating liquors. The case was set for trial and on that day they were arraigned and pleaded not guilty. The selection of a jury was then begun and the proceedings which formed the basis of the first ground of the motion for new trial and a subsequent assignment of error may best be described in the following excerpts from the certificate of the trail judge:

"I, * * * hereby certify that during the progress of the above cause * * * wherein * * * Moreno Carroll * * * and Virgie Carroll were defendants, the following proceedings were had, to-wit: * * * the Court proceeded with the selection of a Jury, and after the defendants jointly had exhausted four peremptory challenges and before the jury had been selected and before the State had tendered the jury the State orally moved for a severance as to the defendant Virgie Carroll, to which said motion the defendant Moreno Carroll, *alias* Jones Carroll, objected, upon the

ground that said defendants jointly were entitled to ten peremptory challenges and that the sole purpose of the motion for a severance was to deprive the defendant Moreno Carroll, *alias* Jones Carroll, of any more peremptory challenges than the one additional challenge remaining to him. That thereupon said motion for severance was granted by the court, and that thereupon the defendant Moreno Carroll, *alias* Jones Carroll, was allowed one additional peremptory challenge and no more, in accordance with which the selection of the jury was completed."

It will be seen that while the jury was being chosen and before the severance was requested the two defendants jointly challenged four talesmen. After it was granted the remaining defendant, according to the certificate, was limited to one further challenge, the four former ones having been deducted from the total number of five allotted him under the law which we will cite.

This statute, Sec. 8303, C. G. L. 1927, allows *each* defendant charged with a felony to excuse five jurors without cause and permits the State five peremptory challenges for each defendant.

At the outset plaintiff in error was privileged to excuse five jurors and his co-defendant was entitled to the same advantage. Four challenges were used without designating in whose name they were exercised, indeed, according to the certificate we have quoted, they were made jointly. The action of the court in restricting plaintiff in error to "one additional peremptory challenge and no more" deprived him of a very substantial right.

Under the Constitution of the United States and the State of Florida the defendant in a criminal case is guaranteed the right to a trial by an impartial jury and it is to effectuate this guaranty that he may reject a certain number of those who are called to the jury box without giving his reason for

not wishing them to pass upon his guilt or innocence. By this means he may escape the judgment of those whom he. may consider prejudiced against him but whom he may not be able to show disqualified for causes defined by statute. See Young v. State, 85 Fla. 348, 96 South. Rep. 381.

The confusion could have been avoided by requiring, when the challenges were made, the name of the defendant exercising them. This not having been done, the State should not have been given permission to proceed against only one defendant.

The granting of a motion to sever is discretionary and will not be disturbed unless abuse is shown. Samuels v. State, 123 Fla. 280, 166 South. Rep. 743. Because of this rule, we feel reluctant to interfere and would not do so had there been some indication of the number of jurors challenged by plaintiff in error, but, in view of the total absence of such information, we think that the action of the judge in granting the motion was error.

Having this opinion, it seems needless to discuss the other questions presented in the assignments of error and the briefs.

The judgment is reversed.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.