STURGIS, Chief Judge.
Defendant was charged by one information with unlawful sale of intoxicating liquors in a dry county and by a separate information with unlawful possession of intoxicating liquors with intent to sell same in a dry county, which offenses are misdemeanors. The cases were consolidated for trial in the county judge’s court of Alachua County and defendant was convicted of both charges. On appeal to the circuit court the convictions were affirmed. Certiorari is sought to review that action.
Section 913.08, Florida Statutes, F.S.A., provides that the state and the defendant shall each be allowed three peremptory challenges if the offense charged is a misdemeanor. It is insisted, inter alia, that the trial court erred in denying defendant the right to peremptorily challenge six prospective jurors and in denying his request that the two cases be tried separately. The question as to whether upon consolidation of criminal cases defendant is entitled to cumulate the number of peremptory challenges that would have been allowable if the cases had been tried separately has not been directly decided by our supreme court.
In the course of selecting the jury defendant undertook to exercise a fourth peremptory challenge. His attorney, in contending for the fourth peremptory challenge, stated that the “two cases have been consolidated for trial.” While the record does not reflect formal consolidation prior to this statement, we accept it as clearly indicating that there existed at least a tacit understanding to that effect and that the parties were proceeding on that assumption.
The court refused to allow the attempted challenge. Thereupon the state moved and the court ordered, over the objection of defendant who requested severance, that the cases be consolidated for trial. The motion was predicated on the ground that the charges grew out of the same set of circumstances, occurring at the same time and place, involving the same witnesses and defendant, and calling for the same evidence, and this was borne out by the proofs.
Defendant did not thereafter renew his effort to peremptorily challenge additional jurors, but as we have accepted as correct the statement of his attorney regarding the consolidation, and as it was made prior to the granting of the state’s formal motion, we treat the previous ruling of the court as continuing to prevail.
Defendant cites Meade v. State, Fla., 85 So.2d 613, as authority for his alleged right to six peremptory challenges, that being the aggregate number that would have been available to him on separate trials of the charges made by the two informations. We *836 do not agree. In the Meade case separate indictments charged him with murder in the first degree. They related to' two distinct homicides, in one of which the victim was bludgeoned to death with a shotgun, and in the other was shot to death with a pistol. Defendant Meade contemplated introducing no testimony but his own in defense of one case, which would have entitled him to the opening and closing argument before the jury, while in the other he contemplated using additional witnesses, and he strenuously and repeatedly objected to consolidation, before and after the proceedings commenced. The supreme court held that it was prejudicial to consolidate the charges because it seriously disabled the presentation of his defense. We are aware of the dicta in that case to the effect that even if consolidation were proper under the circumstances, the gravity of the charges was such that defendant should have been permitted twice the number of challenges specified by the act. However, there is no sound parallel between the facts in that case and those in the case on review.
In this case three beverage officers went to the defendant’s place of business. One purchased the illegally sold liquor while the others waited outside. Upon consummation of the sale the defendant was immediately arrested. The premises were forthwith searched and more of the contraband discovered. Hence it is seen that the basis for the two informations charging misdemeanors arose out of a single incident, the evidence was secured simultaneously, and the witnesses were identical. In fact, the entire circumstances surrounding the separate charges were identical as to time, place, and character.
The purpose of consolidation is to save time to the court and time and expense to persons accused. No good reason appears why the permissible number of challenges in a criminal case allowed to a defendant by statute should be cumulated for each indictment or for each count in the consolidated case. The practical effect of the consolidation in the case on review is identical with what would have resulted if there had been a single information with two counts, one charging the sale and the other possession for sale, and a verdict and judgment of conviction rendered on both counts.
Trial judges have discretionary power to order consolidation of criminal cases involving two or more informations relating to similar or connected offenses. Hall v. State, Fla., 66 So.2d 863. It is not clear under our statute whether the number of allowable challenges varies according to whether the trial is one involving a single indictment or information or involving two or more indictments or informa-tions that are properly consolidated for trial. We hold that the number allowable as a matter of right is the same in either case. The trial judge may, however, allow such additional peremptory challenges in a consolidated case as in his discretion seems just.
Certiorari denied.
WIGGINTON, J., and O’CONNELL, A. J., concur.