SWANN, Judge.
Appellant, Frank Costantino, was charged in a three-count information with:
(1) Breaking and entering a building with the intent to commit a felony therein, to wit: Grand Larceny
(2) Attempted grand larceny
(3) Possession of burglary tools
Following a jury trial, Costantino was adjudged guilty on all three counts of the information and sentenced. He now appeals.
On appeal, he claims reversible error was committed when the trial court denied his motion to require the State to elect between counts one and two on the grounds that they charged him with offenses which are one and the same. We find no reversible error as the two charges amount to separate crimes requiring different evidence and proof for conviction. See Taylor v. State, 138 Fla. 762, 190 So. 262 (1939); Kearson v. State, 123 Fla. 324, 166 So. 832 (1936); Evans v. State, Fla.App.1967, 197 So.2d 323.
The appellant has also argued that under § 913.08(2) Florida Statutes, F.S.A., he should have been allowed six peremptory challenges on voir dire for each offense charged in the information, i. e. a total of eighteen peremptory challenges for the three offenses, and that it was reversible error for the trial judge to limit him to but six. We disagree. The three offenses charged in the information arose from similar and connected circumstances and the evidence was of a similar and connected *648 nature. Consequently, this case is controlled by Blackwelder v. State, Fla.App.1958, 100 So.2d 834, and not by Meade v. State, Fla.1956, 85 So.2d 613, 59 A.L.R.2d 835.
Affirmed.