PIERCE, Judge
(dissenting).
I regret that I must part company with my brethren in this case. In my opinion the trial Court erred in restricting defendant Johnson to eight peremptory challenges, notwithstanding the two cases were tried together. I feel six challenges should have been allowed in each case.
Two separate informations were filed against Johnson, one No. 16,500 and the other No. 16,501, both under the forgery statutes, F.S. Ch. 831 F.S.A. It is alleged that both checks were drawn upon the UNION TRUST COMPANY; both were for $65.00 and made payable to one Eugene Mitchell; both were signed “Cleveland Johnson” under the printed words “Welch Real Estate”; both bore the signed endorsement of “Eugene Mitchell”; and both were cashed at the Publix Super Market Store No. 64, in St. Petersburg. Each information was in two counts, the first charging forgery of the signature “Cleveland Johnson” on the face of the checks and the second charging forgery of the signature “Eugene Mitchell” on the back of the checks.
But while the informations alleged the foregoing similarities between the two checks, there were also vital dissimilarities. One check was alleged to have been passed on September 7, 1966, and the other check on September 8, 1966. And while they were both allegedly passed at the same supermarket it is clearly indicated they were passed through different clerks or *678 employees of the supermarket.[1] So while it appeared from the informations that the two checks were similar they were not identical. The passing or uttering of each check was a different transaction and constituted a separate offense provable by different witnesses.
Johnson was arraigned separately upon each information, entered separate pleas of not guilty, separate verdicts were returned as to each information, separate adjudications of guilt were made by the Court, separate sentences were imposed, and separate notices of appeal were filed.
During interrogation of the jury upon their voir dire the Public Defender representing Johnson had exercised six peremptory challenges, and then excused peremptorily a seventh juror, one Mr. Anderson. The prosecutor objected, contending that defendant was only entitled to six such challenges. After discussion the Judge, considering he had discretion in the matter, ruled that defendant could have his seventh challenge but no more, observing: “This is the end, that’s right. Mr. Anderson is your last peremptory”. Thereafter, after further discussion, the Court decided to extend the number to eight challenges. The defense challenged an eighth juror, and thereafter sought to challenge a ninth, a Mr. Ebeling. The Court sustained the State’s objection. The following colloquy, taken from the record, conveys the picture:
“MR. McDERMOTT (Asst. Public Defender) : At this time the defendant requests to excuse Mr. Ebeling peremptorily.
MR. MENSH (Asst. State Attorney): I object, your Honor.
THE COURT: We have got to draw the line somewhere here.
MR. McDERMOTT: Well, I think, though, that the jury selection is by a panel and not by individual persons. You may have one person on there that you would accept under particular circumstances and that you wouldn’t accept the whole panel. I assumed at the outset of the trial that I had twelve.
THE COURT: Yes, I agree.
MR. McDERMOTT: Now, I feel I have been prejudiced by 'the liinithtion, and I therefore request that Mr. Ebeling be excused.
MR. MENSH: Your Honor, may I just point out something?
THE COURT: Yes.
MR. MENSH: Based upon Mr. McDer-mott’s assumption, I would point out there is a statute governing—
THE COURT: Yes.
MR. MENSH: (Continuing) * * * peremptory challenges.
THE COURT: Yes, 913.08.
MR. MENSH: Yes, sir.
THE COURT: The statute is silent, however; but there is a case which says that in consolidation of cases, when the cases are consolidated for trial and involve similar or the same offenses, that it is discretionary with the Court. I don’t want to go into twelve challenges. There are no reasons given.
MR. McDERMOTT: I don’t think I need assign a reason for a peremptory challenge, your Honor.
THE COURT: No, I appreciate that, but the Court doesn’t have to assign a reason to exercise its discretion on limiting to *679 eight either. We’re talking about the defendant, we’re talking about people, not cases. The State of Florida is on the one hand and the defendant, Jackie Lee Johnson, is on the other. Now, I assume — he has excused eight jurors.
MR. McDERMOTT: Yes, sir.
THE COURT: Prospective jurors. If there were only one case to be tried today, we would be going to trial now, unless the state were to challenge a couple. Now, we have six people here, all of whom say they would be fair and impartial jurors, and this defendant, Jackie Lee Johnson, has had an opportunity to excuse eight jurors. The Court has stricken four for cause, and the state has stricken none. Now, I think we are about ready to go, gentlemen. Denied. I have got to draw the line somewhere so let’s go. If you have cause, we will discuss it.
MR. McDERMOTT: No, sir, the challenge exercised was a peremptory challenge.
THE COURT: Well, we have ruled before this was the end. I will limit it to eight. Let’s go.
MR. McDERMOTT: Well, under those circumstances I can’t of course, announce to the Court that I accept the jury because I don’t.
THE COURT: All right.
MR. MENSH: I will ask the jury be sworn.
THE COURT: Yes, sir. Do you accept this panel?
MR. MENSH: Yes, sir, I have accepted this panel.
THE COURT: All right, thank you.”
Sec. 913.08 F.S. [F.S.A.] provides—
“913.08 Number of peremptory challenges
The state and the defendant shall each be allowed the following number of peremptory challenges:
;fc }{c ij; ;jc
(2) Six, if the offense charged is a felony not punishable by death or imprisonment for life;[2]

(4) If two or more defendants are jointly tried each defendant shall be allowed the number of peremptory challenges specified above and in such case the state shall be allowed as many challenges as are allowed to all of the defendants.”
I think this case is ruled by Meade v. State, Fla.1956, 85 So.2d 613, 59 A.L.R.2d 835. The Supreme Court there held that where a defendant is tried before the same jury upon two separate offenses he is entitled to his full complement of peremptory challenges in each case, the same as if each indictment were tried separately. The trial Court in Meade limited the defendant, over his objection, to ten peremptory challenges, which is the number prescribed by F.S. Sec. 913.08 F.S.A. for a capital case. The Supreme Court reversed, holding that Meade was entitled to ten challenges in each case, or twenty altogether. We quote inter alia from the Meade opinion:
“The statute dealing with the subject of peremptory challenges contains a provision that the defendant shall be allowed ten of such challenges if the offense charged is punishable by death or life imprisonment and that if two or more defendants are jointly tried, each of them shall be allowed ten peremptory challenges. Sec. 913.08, Florida Statutes 1953, and F.S.A. But it does not follow that if a defendant is faced with charges of murdering two persons, the number of his peremptory challenges should be restricted to ten simply because there is but one defendant. When the funda *680 mental purpose of the challenges is considered, the contrary is plain.
* * * * * *
All the references in the statute, Sec. 913.08, are to an offense, in the singular, and it is in the concluding paragraph that provision is made that when defendants are jointly tried each shall have the privilege of exercising the number of challenges specified.
In view of the purpose of peremptory challenges, it seems to us that even if consolidation of two cases of such gravity should be approved, there would be as much reason for allowing the defendant twice the number of specified challenges as to allow each of two defendants ten challenges upon their trial for murdering a single person. In either situation the number of challenges, twenty, would be the same as the total number assured by the statute if separate trials should be conducted.”
The fourth headnote in Meade is as follows :
“Even if it had not been error for trial court to consolidate two prosecutions for murder against single defendant, it was error to restrict defendant to ten peremptory challenges, and he should have been allowed 20 peremptory challenges, the number to which he would have been entitled, under statute, had he been granted separate trials. F.S.A. §§ 912.01, 913.08, 913.10, 913.10(2), 924.32(2).”
In Blackwelder v. State, Fla.App.1958, 100 So.2d 834, the 1st District Court declined to follow Meade when applied to the facts in the Blackwelder case. In Blackwelder the defendant was accused in two informations, each a misdemeanor, one alleging the “unlawful sale of intoxicating liquors in a dry county” and the other the “unlawful possession of intoxicating liquors with intent to sell same in a dry county”. Jurisdiction to try the two offenses was in the County Judge’s Court of Alachua County, and that Court, over the defendant’s objection, ordered the cases consolidated for trial and refused to allow the defendant more than three peremptory challenges, the number prescribed by F.S. Sec. 913.08 F.S.A. in a misdemeanor case. Blackwelder appealed his conviction to the Alachua County Circuit Court, which affirmed, and he thereupon applied to the 1st District Court for writ of certiorari, which was denied and the lower Courts upheld.
The opinion in Blackzvelder refers to portions of the Meade opinion as “dicta”. I do not so construe the Meade opinion, but if it was dicta, it was “good dicta”. However, the Blackwelder opinion drew a distinction between the facts in that case and the facts in Meade, pointing out that in the Meade case “two distinct homicides” were involved, while in Blackwelder the two misdemeanor charges arose “out of a single incident”. This is the true rationale of the Blackwelder opinion, as is evidenced by the following language therein:
“Hence it is seen that the basis for the two informations charging misdemeanors arose out of a single incident, the evidence was secured simultaneously, and the witnesses were identical. In fact, the entire circumstances surrounding the separate charges were identical as to time, place, and character.
* ífí ‡ * * *
The practical effect of the consolidation in the case on review is identical with what would have resulted if there had been a single information with two counts, one charging the sale and the other possession for sale, and a verdict and judgment of conviction rendered on both counts.”
As I read the Meade opinion, the Supreme Court laid down a rule of procedural law applicable to all cases, felony and misdemeanor, and to all consolidated cases, whether by consent or otherwise. But while Blackwelder different from the holding in Meade in some particulars, the case sub judice is actually in harmony with Black- *681 welder in the light of the above quoted language.
The rule is perhaps best expressed in 50 C.J.S. Juries §281 (4) p. 1077:
“The fact that an indictment contains several counts does not entitle accused to any additional peremptory challenges, even though the different counts charge separate and distinct offenses which may be joined in the same indictment. This is also true where several indictments charging similar offenses, which might have been charged in separate counts of the same indictment, are consolidated. The rule is otherwise where several indictments against the same accused are not consolidated but tried together before the same jury.[3]” (Emphasis supplied).
I would reverse.

. The evidence at the trial bore this out, the passing of the check in information No. 16,500 being proved by employee — witness Lenore Weishaar and in information No. 16,501 by employee — witness Judith Ann Brisk. Their names are listed as witnesses on the respective informations applicable to each. Also, when, the witness Weishaar was brought in to testify the prosecutor advised the Court “this witness is testifying in Case No. 16,-500”; and as to the witness Brisk “this witness will be testifying as to Case No. 16,501”.

. It is conceded that the offenses here charged would come within this category.

. It is obvious that the word “consolidated” as here used by the C.J.S. text writer was not used in the same sense as in the instant case.