222 So.2d 191 (1969)
Jackie Lee JOHNSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 37340.
Supreme Court of Florida.
April 23, 1969.
Robert E. Jagger, Public Defender, and Joseph F. McDermott, Asst. Public Defender, for petitioner.
Earl Faircloth, Atty. Gen., and William D. Roth, Asst. Atty. Gen., for respondent.
ROBERTS, Justice.
This cause is before the court for review of a decision of the District Court of Appeal, Second District, which affirmed the judgments and convictions by the trial court. See Johnson v. State, 206 So.2d 673. We find that there is jurisdictional conflict with a prior decision of this court, Meade v. State, Fla. 1956, 85 So.2d 613, 59 A.L.R.2d 835, on a statement of a general principle of law. Therefore, jurisdiction attaches under Section 4(2), Article V, of the Florida Constitution, F.S.A.
*192 Petitioner, Jackie Lee Johnson, was informed against by two informations charging "Uttering a Forged Check" and "Uttering a Check with A Forged Endorsement". One of the informations alleged that criminal acts had been committed on the 7th day of September, 1966, and the other charged that criminal acts had been committed on the next day, September 8th. The two cases were consolidated for jury trial and petitioner was found guilty of "Uttering a Check with A Forged Endorsement" on each information and sentenced to concurrent terms of six months to five years on each charge. At trial the defendant contended that he should be allowed six peremptory challenges on each case but the trial judge allowed eight challenges and denied, over defendant's objections, challenges to aggregate twelve. On appeal the cases were again consolidated and the District Court held that appellant was entitled under F.S. § 913.08(2), F.S.A. to receive only the six peremptory challenges he received and that the two additional challenges he was allowed were within the discretion of the trial judge to grant or deny.
In Meade v. State, supra, which discussed F.S. § 913.08 the court considering consolidated cases held, "* * * the number of challenges * * * would be the same as the total number assured by the statute if separate trials should be conducted." In view of the conflict of opinions involving the question of limiting a defendant's number of peremptory challenges we must decide whether in consolidated cases the charges are to be treated as separate counts of the same bill and therefore entitled to the six challenges allowed by statute in single cases or whether the number of peremptory challenges shall be multiplied by the number of cases consolidated for trial. We have carefully examined Meade v. State, supra, in which the major holding was that it was error for the trial court to consolidate the cases. We have examined Blackwelder v. State, (Fla.App.) 1958, 100 So.2d 834, which held that where the basis for informations arose out of a single incident, the evidence was secured simultaneously, and the witnesses were identical, the defendant was not entitled, upon consolidation of cases, to accumulate the number of peremptory challenges that would have been allowable if the cases had been tried separately. We have also reviewed Costantino v. State, Fla.App., 203 So.2d 647, cases from other jurisdictions, texts involving the same point of law, and must conclude that inasmuch as the object or purpose of consolidation of cases is to save time and expense to persons accused and time to the court and expense to the public, this purpose would be thwarted should the defendant be allowed as a matter of right the same number of challenges assured by the statute, as if separate trials were conducted. However, we feel as did the lowers courts that the trial judge in the interest of justice should be able in the exercise of his judicial discretion to grant additional challenges to the accumulative maximum based on the number of cases consolidated where it appears that there is a possibility that the defendant may be prejudiced. The crux of this decision is, of course, based upon the proper consolidation of cases. Where cases are similar and no valid objections are made to consolidation then there should be no valid objections to limiting the peremptory challenges to the number permissible as if the case were single, providing however the presiding judge has the authority to use his judicial discretion in the extenuating circumstances.
In the case under review we are favored with a majority and dissenting opinion, both clearly expressing different philosophical views on the subject. Under the facts of this case we approve the view expressed in the majority opinion. Here, it is noteworthy that the two informations involved the same type of offense, the same victim, the same bank, the same defendant, and the same modus operandi, the *193 only difference of any importance being that the two offenses were separated by twenty-four hours. Under these circumstances the trial court did not abuse his discretion in consolidating the two cases and particularly when the record fails to show any objection by the defendant. Thus, having properly consolidated the causes, the trial judge may limit peremptory challenges to the number designated for single cases in F.S. § 913.08, F.S.A.; Florida Rules of Criminal Procedure 1.350, Volume 33 Florida Statutes, F.S.A., but he has the discretion to grant such additional peremptory challenges as in his discretion seems just, within the limits that such challenges could have been cumulated for each indictment or count in separate cases.
We have examined the other point petitioner raised on appeal to the District Court and which he raises here: Whether the court erred in commenting on evidence in its instructions. We find no merit in this contention and therefore adopt the views of the appellate court which held that the charges of the trial judge did not amount to a comment on the evidence.
Accordingly, the writ of certiorari is discharged.
CARLTON and ADKINS, JJ., and SPECTOR, District Court Judge, concur.
DREW, J., dissents with opinion.
ERVIN, C.J., dissents and agrees with DREW, J.
BOYD, J., dissents.
DREW, Justice (dissenting).
It is my belief that the petitioner herein, under the facts of this case, should be entitled to twelve peremptory challenges. In my view the dissenting opinion of Judge Pierce in this case when it was before the District Court of Appeal, represents a correct statement of the law and its rationale should be adopted by this Court. For this reason I dissent.
ERVIN, C.J., concurs.
BOYD, J., dissents.