GLICKSTEIN, Judge,
concurring Specially-
Having authored the majority per curiam opinion, I write by way of special concurrence to address the dissent. It recites, quite appropriately, all of those factual matters upon which it relies, as well as the authority which it applies to the facts. It is equally appropriate to recite the facts not mentioned in the dissent and to observe that it is this court’s function to review discretionary judgments of a trial judge, not to make those judgments as though serving as the trial judge.
The crimes with which appellant was charged occurred on March 1, 1981; the trial commenced on September 9, 1985, over four and one-half years later. Most of the publicity respecting the crimes for which appellant was being tried had been disseminated shortly after the crimes had been committed. There was no showing that any of the publicity had been inflammatory or inaccurate. By and large, the jurors either thought they might have heard of the case before but were not sure, or had some vague recollection of past publicity, or did not recall the case at all. As to defense counsel’s stated dilemma about needing four strikes and being faced with a police officer’s wife if he struck any of those four, appellee points out that at that point the court, while denying any extra peremptory challenges, observed that the defense still had two strikes which could be exercised, one at a juror and one at an alternate. The strikes appellant had wished to make were of people who only vaguely thought they might have heard or read of the case. Appellant did in fact strike the woman who was married to a police officer, among others. Further, the trial court did not hesitate to excuse for cause four veniremen because of conflict with religious holidays. It is not necessary that the jury be made up of persons who are entirely ignorant of the facts and issues of the case, and it is not fatal that they may have formed some prior impressions on the merits. See, e.g., Knight v. State, 338 So.2d 201, 203 (Fla.1976).
The dissent relies upon two cases as its legal predicate. As for one, it starts quoting in the middle of the court’s discussion in Johnson v. State, 222 So.2d 191 (Fla. 1969). The entire discussion deals with consolidated cases; thus the issue was not the issue presented here, as the reader can plainly determine by reading the entire discussion:
In Meade v. State, supra, which discussed F.S. § 913.08 the court consider *225 ing consolidated cases held, “ * * the number of challenges * * * would be the same as the total number assured by the statute if separate trials should be conducted.” In view of the conflict of opinions involving the question of limiting a defendant’s number of peremptory challenges we must decide whether in consolidated cases the charges are to be treated as separate counts of the same bill and therefore entitled to the six challenges allowed by statute in single cases or whether the number of peremptory challenges shall be multiplied by the number of cases consolidated for trial. We have carefully examined Meade v. State, [85 So.2d 618 (Fla.1956)] supra, in which the major holding was that it was error for the trial court to consolidate the cases. We have examined Blackwelder v. State, (Fla.App.) 1958, 100 So.2d 834, which held that where the basis for infor-mations arose out of a single incident, the evidence was secured simultaneously, and the witnesses were identical, the defendant was not entitled, upon consolidation of cases, to accumulate the number of peremptory challenges that would have been allowable if the cases had been tried separately. We have also reviewed Costantino v. State, Fla.App., 203 So.2d 647, cases from other jurisdictions, texts involving the same point of law, and must conclude that inasmuch as the object or purpose of consolidation of cases is to save time and expense to persons accused and time to the court and expense to the public, this purpose would be thwarted should the defendant be allowed as a matter of right the same number of challenges assured by the statute, as if separate trials were conducted. However, we feel as did the lowers [sic] courts that the trial judge in the interest of justice should be able in the exercise of his judicial discretion to grant additional challenges to the accumulative maximum based on the number of cases' consolidated where it appears that there is a possibility that the defendant may be prejudiced. The crux of this decision is, of course, based upon the proper consolidation of cases. Where cases are similar and no valid objections are made to consolidation then there should be no valid objections to limiting the peremptory challenges to the number permissible as if the case were single, providing however the presiding judge has the authority to use his judicial discretion in the extenuating circumstances.
Id. at 192 (emphasis in original).
The second case relied upon by the dissent is Meade v. State, 85 So.2d 613 (Fla. 1956), mentioned above in Johnson. Neither the defense nor the prosecution cited Meade, perhaps because it, too, concerned the number of challenges allowed in a consolidation, rather the issue that is before us.
The dissenter has every right to feel as strongly about this case as he expressly does. I doubt that the people of this district want judges without conviction. I do not, however, feel he has shown by fact or law that the trial court abused its discretion.