WALDEN, Judge,
concurring in part; dissenting in part.
In my opinion the trial court abused its discretion and thereby committed reversible error when it refused to allow defendant, Aubrey Arthur Livingston, additional peremptory challenges.
There were five victims, three adults and two small children, who were abducted and killed.
Livingston, in a single trial, was charged with and convicted of five counts of first degree murder and six counts of kidnapping. During jury selection, Livingston was limited to ten (10) peremptory challenges despite his request for additional challenges and despite the fact that had he been tried separately on each count, he would have been entitled to 110 such challenges.
Florida Rule of Criminal Procedure 3.350 governs:
Each party shall be allowed the following number of peremptory challenges:
(a) Ten, if the offense charged is punishable by death or imprisonment for life;
*226 [[Image here]]
(e) If an indictment or information contains two or more counts or if two or more indictments or informations are consolidated for trial, the defendant shall be allowed the number of peremptory challenges which would be permissible in a single case, but in the interest of justice the judge may use his judicial discretion in extenuating circumstances to grant additional challenges to the accumulate maximum based on the number of charges or cases included when it appears that there is a possibility that the State or the defendant may be prejudiced. The State and the defendant shall be allowed an equal number of challenges, [emphasis supplied]
In Meade v. State, 85 So.2d 613 (Fla. 1956), a defendant was charged in two indictments for murder in the first degree where there were two victims. The cases were consolidated. It was determined to be error to restrict the defendant to only ten peremptory challenges. These comments by the Court are instructional:
Of course, the purpose of peremptory challenges is the effectuation of the constitutional guaranty of trial by an impartial jury by the exercise of the right to reject a certain number of jurors whom the defendant for reasons best known to himself does not wish to pass upon his guilt or innocence. In this manner he may eliminate from service jurors who may be objectionable but who may not be shown so prejudiced as to be successfully challenged for cause. Carroll v. State, 139 Fla. 233, 190 So. 437.
[[Image here]]
What we are deciding is that in a situation like this we cannot approve the procedure followed because miscarriage of justice would too likely result, and the consequence of such a miscarriage in a prosecution culminating in electrocution is horrible to contemplate. There is much evidence in our statutes and decisions that greater care must be taken in a prosecution of such moment than in other criminal prosecutions. As we have already noted more peremptory challenges are allowed than in other criminal prosecutions. A jury of twelve, twice the number required in other criminal cases, is provided in Sec. 913.10, Florida Statutes 1953, and F.S.A. Although a jury may be waived in criminal prosecutions generally, such a waiver may not be made “Where a sentence of death may be imposed”. Sec. 912.01, Florida Statutes 1953, and F.S.A. The charges to the jury shall be in writing. Sec. 918.10(2), Florida Statutes 1953, and F.S.A. Counsel for an insolvent defendant in a capital case is required. Sec. 909.21, Florida Statutes 1953, and F.S.A. Capital cases may be tried only on an indictment by a grand jury while other cases may generally be tried on information. Sec. 904.01, Florida Statutes 1953, and F.S.A. And when a case in which the extreme penalty has been imposed reaches this court for review the court is obligated to examine the evidence “to determine if the interests of justice require a new trial, whether the insufficiency of the evidence is a ground of appeal or not.” Sec. 924.32(2), Florida Statutes 1953, and F.S.A.
All these safeguards are thrown about the one accused of a crime which may result in his being put to death. The care with which he should be tried corresponds with the awful responsibility of taking human life to atone for crime.
85 So.2d at 615-616.
In Johnson v. State, 222 So.2d 191, 192 (Fla.1969), the Supreme Court of Florida reviewed the several prior cases dealing with additional peremptory challenges and said:
However, we feel as did the lowers [sic] courts that the trial judge in the interest of justice should be able in the exercise of his judicial discretion to grant additional challenges to the accumulative maximum based on the number of cases consolidated where it appears that there is a possibility that the defendant may be prejudiced, [emphasis supplied]
Thus, it appears that the key words in this case, as in Florida Rule of Criminal Procedure 3.350, are that additional challenges may be granted when it appears that there *227 is a possibility that the state or the defendant may be prejudiced. See also, Thomas v. State, 403 So.2d 371 (Fla.1981); and 5 A.L.R. 4th 533 (539).
The five unarmed victims were kidnapped from their home at gun point, tied and taken by camper truck to a remote area. They were placed inside an old apparently abandoned car on the side of the road. One of the adult victims was heard to beg for his life. There were gun shots and á loud boom apparently caused by an inflammable liquid being thrown in the car and ignited. The burning car was later found by the police. Inside the car, the adults were found shot to death and the children were on the floor in the rear of the car, dead by smoke inhalation.
Counsel for Livingston exhausted his ten peremptory challenges and said:
I have four people that I want to strike and if I strike any of those I come up with a worse situation. I have a police officer’s wife that’s going to be on the jury-
Counsel then asked for and was denied additional challenges. Additional challenges should have been allowed because,
1. The prosecution had received substantial publicity throughout the South Florida area. At least nine prospective jurors admitted to knowing something about the case. The state counters that the defense did not move for a change of venue. However, this argument overlooks the very nature of peremptory challenges. It is designed to cover situations where, for instance, the publicity is not sufficient to merit a change in trial location but it is sufficient, at least in the eyes of the accused and his counsel, to prevent a given juror from being impartial.
2. The facts in this case were particularly gruesome and especially the cruel deaths of the two young children. Most of the potential jurors had children, many of them as young as the two young victims.
3. Almost all the prospective jurors had been either the victims or knew the victims of crimes or they knew someone who had been prosecuted for a crime.
4.Defense counsel, having no more peremptory challenges, was unable to challenge the next prospective juror, even though she was married to someone who had just worked in the state attorney’s office for two years. Even though I agree that this juror was not subject to being challenged for cause as contended by Livingston, this is a classic example which the peremptory challenge is designed to handle and where Livingston was prejudiced by the limitation on his challenges.
Considering the above matters along with the gravity and number of charges, I cannot reach any other conclusion but that there existed a manifest “possibility” that Livingston would be prejudiced by being limited to ten peremptory challenges. Surely the Supreme Court of Florida in enacting rule 3.350 felt that there would be cases and situations where additional challenges would be warranted and where it would be an abuse of discretion not to allow same. Otherwise, and if there was no limit upon the trial court’s discretion, there would be no point in adopting the rule. And so, as I see it, if ever there were a case where additional challenges should have been granted, this is it.
Finally, it should be kept in focus that granting additional challenges does not tilt the scales one way or the other as many rulings tend to do. The only impact in allowing additional challenges is in the direction of impaneling an impartial jury, and the state and the defendant receive an equal number. Neither the state nor the defendant is left with more or less advantage. Surely then, the discretion involved in case of any doubt should be resolved in favor of additional challenges. The only disadvantage that I can discern in granting more challenges is that it may take longer to seat a jury. Surely that consideration is altogether insignificant when compared to the concerns enumerated by the late Mr. Justice Thomas in Meade.
In conclusion, with reference to the points on appeal, I do therefore dissent as *228 concerns the first part of Point I. I say that, in my judgment, the trial court erred in refusing to grant appellant additional peremptory challenges. Because of this, his convictions should be reversed and the case remanded for a new trial. As to the second part of Point I, I concur that it was not error to refuse to excuse juror Lennon for cause.
As to Point II, I concur that the admission of certain gruesome photographs into evidence was not error.