STRINGER, Judge.
Theodore Roberts challenges his convictions for aggravated stalking, battery, harassing telephone calls, criminal mischief, burglary of a dwelling with assault or battery, aggravated battery, and assault. Roberts raises three points on appeal, two of which have merit. We reject Roberts’ argument that the trial court failed to conduct a proper Faretta[1] hearing without further discussion. However, because the trial court abused its discretion in cutting short Roberts’ voir dire without notice and erred as a matter of law in refusing to permit Roberts to use his peremptory challenges properly, we reverse and remand for a new trial.
Roberts was charged with numerous offenses arising out of his conduct toward his former girlfriend after she ended the relationship. Roberts elected to represent himself during his trial, and the trial court appointed stand-by counsel to be in the courtroom with Roberts. During voir dire, the State questioned the potential jurors for about an hour. After Roberts had been questioning the jurors for about an hour, the State objected that Roberts was asking repetitive questions. The trial court then called Roberts to the bench and asked if he had any new questions. When Roberts replied that he had “plenty” of new questions, the trial court responded, “No, you don’t have plenty of new questions. You see the time? You’ve got about ten minutes.” The court then told Roberts that he had “wasted all this time” and suggested that he “use the time that you have wisely.” Roberts objected to his time being cut short but complied with the trial court’s time limitations.
Once the parties had completed their questioning of the jurors, the trial court began the selection process itself. First, the trial court went through the venire, juror by juror, and asked both Roberts and the State if they had a challenge for cause as to each juror. After all of the challenges for cause had been addressed, the trial court stated that it would move on to allowing the parties to exercise their peremptory challenges. In doing so, the court said to Roberts,
Now, let’s start up at the top with the people who are left. And I’m going to ask you if you want them or don’t want them. And if you don’t want them, you have to give me a reason based on something that they said, okay. It’s not just, I don’t like the way they look. Okay?
Following this, when Roberts attempted to exercise his first peremptory challenge on juror number six, the trial court required Roberts to provide a reason for the strike. When Roberts gave his reason, the trial court told him that his reason was not good enough, and the court refused to strike the prospective juror. Roberts raised the issue several times, including when the court asked whether the jury was acceptable. At that point, the following took place:
THE COURT: Okay. That’s six. Anything — anybody in the first six, anybody else you want to get rid of, M*1. Roberts, that we haven’t already talked about?
*784 THE DEFENDANT: That’s six. That wasn’t all the way accept [sic] with me.
THE COURT: We have two, five, six, nine, ten and twelve. And that’s what we need, a jury of six.
THE DEFENDANT: I didn’t accept with number six. I didn’t say it was six. I didn’t accept six.
THE COURT: I know you didn’t, but she’s sitting here because there isn’t a good reason in the record for her not to sit.
The trial court then swore the jurors to try the case. The jury, of which juror number six remained a member, subsequently convicted Roberts as charged on some counts and convicted him of lesser-included offenses on other counts.
In this appeal, Roberts first contends that the trial court improperly limited his time for questioning the venire. Under the circumstances presented here, we agree.
[A] trial judge has “considerable discretion in determining the extent of counsel’s examination of prospective jurors.” Williams v. State, 424 So.2d 148, 149 (Fla. 5th DCA 1982). However, this discretion must be exercised in light of Florida Rule of Criminal Procedure 3.300(b) which provides that the parties, through counsel, have the right to conduct an examination of each prospective juror. Although the trial judge certainly has the discretion to limit repetitive and argumentative voir dire, a trial judge must allow counsel the opportunity to ascertain latent or concealed prejudgments by prospective jurors. See Stano v. State, 473 So.2d 1282, 1285 (Fla.1985), cert. denied, 474 U.S. 1093, 106 S.Ct. 869, 88 L.Ed.2d 907 (1986).
Miller v. State, 683 So.2d 600, 602 (Fla. 2d DCA 1996). Thus, while the trial court certainly has discretion to limit the amount of time for voir dire, if the trial court is going to do so, it must give the parties reasonable notice of the time constraints so that they can pace the timing of their questioning as they see fit. Rodriguez v. State, 675 So.2d 189, 191 (Fla. 3d DCA 1996).
When the parties are given reasonable notice of the time constraints to be imposed on voir dire, this court has affirmed the imposition of such time constraints. See, e.g., Watson v. State, 693 So.2d 69, 70 (Fla. 2d DCA 1997) (affirming time limit of thirty minutes per side for voir dire when counsel was told of this limitation prior to the start of questioning). However, when counsel is not given any advance notice of a time constraint on voir dire, the imposition of that constraint constitutes reversible error. Rodriguez, 675 So.2d at 190 (reversing for a new trial when the court did not tell counsel prior to voir dire of any time limits, allowed the State to question the jurors for forty-five minutes, and then told defense counsel to wrap it up in five minutes after she had questioned the jurors for forty-five minutes).
Here, as in Rodriguez, the trial court did not tell either party that there was any time limit on voir dire before questioning started. Because Roberts had no advance notice of the time constraints involved, he was not able to properly pace his questioning. While the trial court may have correctly found that Roberts was asking repetitive questions, the trial court could not find that Roberts was making “inappropriate use of the time allotted,” see Rodriguez, 675 So.2d at 191, because there was no “time allotted” before voir dire was cut off. Under these circumstances, the trial court’s imposition of a ten minute time limit on Roberts in the midst *785 of his questioning was an abuse of discretion that constitutes reversible error.
Roberts also contends that the trial court erred by requiring him to give a reason for exercising his peremptory challenges and by requiring that reason to be a “good reason” that was “supported by the record.” We agree.
Florida law provides for two separate types of challenges to potential jurors with distinctly different underpinnings. Cause challenges can be made on certain enumerated grounds, including a potential juror’s impartiality. Peremptory challenges, on the other hand, can be used to excuse a juror for any reason, so long as that reason does not serve as a pretext for discrimination. The United States Supreme Court succinctly characterized the distinctions between cause and peremptory challenges as follows:
The essential nature of the peremptory challenge is that it is one exercised without a reason stated, without inquiry and without being subject to the court’s control. While challenges for cause permit rejection of jurors on a narrowly specified, provable and legally cognizable basis of partiality, the peremptory permits rejection for a real or imagined partiality that is less easily designated or demonstrable.
Busby v. State, 894 So.2d 88, 99 (Fla.2004) (quoting Swain v. Alabama, 380 U.S. 202, 220, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), overruled on other grounds by Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)). Thus, the essence of the peremptory challenge is that it may be used for any reason, and ordinarily the trial court may not require a party to provide a reason for the use of a peremptory challenge. Id. Rather, in order to effectuate the right to be tried by an impartial jury, the defendant may use his peremptory challenges against potential jurors “without giving his reason for not wishing them to pass upon his guilt or innocence.” Carroll v. State, 139 Fla. 233, 190 So. 437, 438 (1939); see also Meade v. State, 85 So.2d 613, 615 (Fla.1956); Shannon v. State, 770 So.2d 714, 716 (Fla. 4th DCA 2000) (“Neither Trotter [v. State, 576 So.2d 691 (Fla.1990)], nor any other authority cited by the state, requires an explanation as to why the juror who sat was objectionable. Nor should an explanation be required since a peremptory challenge is, by definition, a challenge that ‘need not be supported by any reason.’ ”). A trial court’s failure to permit a party to exercise its peremptory challenges in accordance with the law is reversible error. Van Sickle v. Zimmer, 807 So.2d 182 (Fla. 2d DCA 2002).
Here, the trial court did not permit Roberts to exercise his peremptory strikes in accordance with the law. Instead, the trial court improperly required Roberts to give a reason for his intended strikes and improperly attempted to exert control over Roberts’ choice of jurors by determining whether it agreed with the reason given. These actions constitute reversible error.
Based on both of these errors during jury selection, we reverse Roberts’ convictions and remand for a new trial.
Reversed and remanded.
DAVIS and SILBERMAN, JJ„ Concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).