PER CURIAM.
The appellant, Brandon Collier, was charged with armed robbery with a firearm. He raises two issues on appeal, only one of which merits discussion. The appellant argues that the trial court abused its discretion when it denied one of the appellant’s peremptory strikes after improperly finding the strike was not race-neutral.
This Court reviews a trial court’s finding that a party’s use of peremptory challenges was race-neutral with an abuse of discretion standard. Hoskins v. State, 965 So.2d 1, 7 (Fla.2007).
Parties are constitutionally entitled to the assurance that peremptory challenges will not be exercised in a manner that excludes members of discrete racial groups. State v. Neil, 457 So.2d 481, 486 (Fla.1984); Nowell v. State, 998 So.2d 597, 601 (Fla.2008) (“It is well settled in Florida that peremptory challenges may not be used to exclude prospective jurors solely because of their race or ethnicity.”). The initial presumption is that peremptory juror challenges are exercised in a nondiscriminatory manner. Smith v. State, 59 So.3d 1107, 1114 (Fla.2011).
In Melbourne v. State, the Florida Supreme Court set forth three mandatory steps for a race-based challenge to a peremptory strike. 679 So.2d 759, 764 (Fla.1996). Under the first step, three sub-steps are required. Id. First, the objecting party must make a timely objection on the ground that the strike is based on race. Id. Second, the objecting party must show that the venireperson is a member of a distinct racial group. Id. Third, the objecting party must request that the court ask the striking party its reason for the strike. Id.
Here, the sub-steps of the first initial step of Melbourne were fulfilled. First, the state asked for a race-neutral reason for defense counsel’s peremptory strike. Next, the court stated that the prospective juror was a white male.[1] Finally, the court asked for the race-neutral reason.
Because the state fulfilled the first initial step of Melbourne, the burden shifted to defense counsel to come forward with a race-neutral explanation. See id. Defense counsel put forth two race-neutral explanations. First, defense counsel explained he sought to peremptorily strike the prospective juror because the prospective juror and his wife were victims of burglaries. See Symonette v. State, 778 So.2d 500, 502 (Fla. 3d DCA 2001) (“The fact that a juror has been the victim of a crime has been held to be a valid race-neutral reason for the exercise of a peremptory challenge.”). Second, defense *1044 counsel explained he sought to strike the prospective juror because the prospective juror’s relative worked for a law enforcement agency. See Hayes v. State, 94 So.3d 452, 465 (Fla.2012) (“Courts have universally considered a prospective juror’s familial relationship with someone in law enforcement to be a valid and facially neutral reason for the exercise of a peremptory challenge.”). Defense counsel fulfilled its burden to come forward with race-neutral explanations. The second Melbourne step was completed.
In the third Melbourne step, if the reason given is facially race-neutral and the court believes, given all the circumstances surrounding the strike, that the explanation is not pretext, the strike will be sustained. Melbourne, 679 So.2d at 764. In this last step, the court’s focus is not on the “reasonableness of the explanation but rather its genuineness.” Id. Florida’s appellate courts have fairly consistently reversed for a new trial where the record provides no indication that the trial court engaged in a genuineness inquiry. Hayes, 94 So.3d at 463-64; see Bellamy v. Crosby, 31 So.3d 895, 901 (Fla. 1st DCA 2010) (finding that the record was devoid of any findings that the neutral reasons for striking the jurors were genuine); see Simmons v. State, 940 So.2d 580, 582 (Fla. 1st DCA 2006) (finding the court failed to conduct a genuineness inquiry when it merely stated, “That is a race-neutral reason. Whether or not we view it favorable for the State or favorable for the Defense, it is a race-neutral reason.”). Where a record is devoid of any indication that the trial court considered circumstances relevant to whether a strike was exercised for a discriminatory purpose, the reviewing court cannot assume a genuineness inquiry was actually conducted. Hayes, 94 So.3d at 463 (finding no genuineness inquiry was conducted when the court mistakenly considered defense counsel’s peremptory strike for cause).
Because defense counsel offered race-neutral reasons, the trial court was required to engage in a genuineness analysis. The trial court found that the reasons given were not race-neutral because: (1) the court disagreed with the accuracy of the statement about the relative’s employment in law enforcement and (2) the crimes committed against the prospective juror differed from the instant crime. The state argues this was an “implicit” genuineness analysis. However, there is no evidence in the record that the trial court considered whether the strike was exercised for a discriminatory purpose. In fact, the court’s analysis was more akin to a for-cause analysis rather than a genuineness analysis. Because the trial court failed to consider the circumstances relevant to whether the strike was exercised for a discriminatory purpose, the trial court abused its discretion when it denied the peremptory strike.
Accordingly, the appellant’s judgment is REVERSED and REMANDED for proceedings consistent with this opinion.
BENTON, C.J., DAVIS, and ROBERTS, JJ., concur.

. While the court, rather than the state, fulfilled the second sub-step, the purpose of the step, to show the venireperson was a member of a distinct racial group, was accomplished.