NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FELIPE HERNANDEZ,                         )
                                          )
            Appellant,                    )
                                          )
v.                                        )        Case No. 2D17-2656
                                          )
STATE OF FLORIDA,                         )
                                          )
            Appellee.                     )
_____)

Opinion filed February 13, 2019.

Appeal from the Circuit Court for Lee
County; James R. Adams, Acting Circuit
Judge.

Howard L. Dimmig, II, Public Defender, and
Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Ashley Brooke Moody, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


KHOUZAM, Judge.

            Felipe Hernandez appeals from his convictions for two drug-related

offenses, arguing that the trial court improperly denied his strike for cause and his

peremptory strike of a juror.  While the trial court committed error in denying

Hernandez's peremptory challenge, we affirm because Hernandez did not preserve the issue for appeal.

Hernandez was charged with possession of cocaine and possession of drug paraphernalia. During voir dire of the jury, one of the potential jurors, Mr. Vasciana, expressed a desire to hear Hernandez testify. When further questioned by the trial court, Vasciana admitted that he could find Hernandez guilty if Hernandez did not testify, even if the State could not prove its case beyond a reasonable doubt. When the potential jurors were questioned again on this issue to dispel any confusion, Vasciana appeared to change his mind and agreed that he would have to find Hernandez not guilty if the State could not prove its case beyond a reasonable doubt.

Hernandez moved to strike Vasciana for cause because of his apparent willingness to misapply the burden of proof against Hernandez. The State argued that Vasciana had been rehabilitated and was merely confused during voir dire. The trial court agreed with the State and denied the strike for cause. Hernandez then moved to use a peremptory strike against Vasciana. The State requested a race-neutral explanation, and Hernandez reiterated his concerns from his previous motion to strike for cause. However, the trial court denied the peremptory challenge. When asked for clarification, the trial judge ruled that Hernandez's peremptory strike was not race-neutral because the reason for the peremptory strike was the same as for the challenge for cause. Hernandez later tried to revisit the judge's ruling and read case law into the record. This was the last time the strike was addressed, and the jury was sworn in without objection.

"[T]he preservation of a challenge to a potential juror requires more than one objection. When a trial court denies or grants a peremptory challenge, the objecting party must renew and reserve the objection before the jury is sworn." Carratelli v. State, 961 So. 2d 312, 318 (Fla. 2007) (citing Zack v. State, 911 So. 2d 1190, 1204 (Fla. 2005)). "By not renewing the objection prior to the jury being sworn, it is presumed that the objecting party abandoned any prior objection he or she may have had and was satisfied with the selected jury." Zack, 911 So. 2d at 1204 (citing Joiner v. State, 618 So. 2d 174, 176 (Fla. 1993)).

At jury selection, Hernandez challenged juror Vasciana twice—first for cause, then via a peremptory strike. The trial judge denied both challenges. Shortly thereafter, Hernandez asked to revisit the challenge of juror Vasciana and recited case law into the record favoring Vasciana's dismissal from the jury. Assuming this qualified as an objection to the judge's rulings on Vasciana, it was the first and last objection made. Hernandez did not renew the objection before the jury was sworn in, creating the presumption that he abandoned any objection. See id. Thus, the issue was not preserved for review.

Had the issue been preserved, however, we would have reversed and remanded for a new trial. "Florida law provides for two separate types of challenges to potential jurors with distinctly different underpinnings." Busby v. State, 894 So. 2d 88, 99 (Fla. 2004). Challenges for cause require "narrowly specified, provable and legally cognizable bas[es] of partiality." Id. (quoting Swain v. Alabama, 380 U.S. 202, 220 (1965)). On the other hand, peremptory challenges may be used "for any reason, so long as that reason does not serve as a pretext for discrimination." Id. "If the trial court

denies a cause challenge, counsel may . . . remove a venire member through the utilization of a peremptory challenge." Nelson v. State, 73 So. 3d 77, 85 (Fla. 2011) (citing Johnson v. State, 921 So. 2d 490, 503-04 (Fla. 2005)). It is improper for a trial judge to deny a peremptory challenge merely because the judge disagrees with the reason offered for dismissing a prospective juror. See Roberts v. State, 937 So. 2d 781, 785 (Fla. 2d DCA 2006) ("[T]he essence of the peremptory challenge is that it may be used for any reason . . . ." (citing Busby, 894 So. 2d at 99)). Thus, "[a] trial court's failure to permit a party to exercise its peremptory challenges in accordance with the law is reversible error." Id. (citing Van Sickle v. Zimmer, 807 So. 2d 182, 184 (Fla. 2d DCA 2002)).

In this case, Hernandez challenged juror Vasciana for cause but the trial court denied the challenge. When Hernandez then tried to use a peremptory challenge against Vasciana, the trial judge again denied the challenge, stating: "That issue was pretty much resolved at the time I dealt with the for cause challenge. I don't really view it as a different standard in terms of review of the reason why he was not stricken for cause." This was error. The trial judge may have disagreed with the basis of Hernandez's challenge for cause, but that in no way precluded Hernandez from using a peremptory challenge against Vasciana. Hernandez was only required to articulate his objection to Vasciana to show he was not motivated by racial discrimination. See Collier v. State, 134 So. 3d 1042, 1043 (Fla. 1st DCA 2013) (citing Melbourne v. State, 679 So. 2d 759, 764 (Fla. 1996)). Contrary to the judge's finding, a peremptory challenge "can be used when defense counsel cannot surmount the standard for a

cause challenge." Hayes v. State, 94 So. 3d 452, 460 (Fla. 2012) (quoting Busby, 894 So. 2d at 100).

Nevertheless, and unfortunately for Hernandez, this issue was not preserved for appeal. We are compelled to affirm without prejudice to Hernandez's right to file a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850.

Affirmed.

LaROSE, C.J., and NORTHCUTT, J., Concur.